American Legal Services Group
Feng Li, Esq.
1719 Route 10 East, Suite 318
Parsippany, NJ 07054
Attorneys for Plaintiffs
(973) 285-5000

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

VICTOR & NILDA ALMAZAN et al.

          Plaintiffs,

v.

1ST 2ND MORTGAGE COMPANY OF NJ, INC., ABS CAPITAL, ACCREDITED HOME, LENDER ACCREDITED HOME LENDER, ACCURATE MORTGAGE, AMERICAN HOME MORTGAGE, INC., AMERICAN FINANCIAL RESOURCES, INC., AMERICAN SERVICING CO./WELLS FARGO HOME MTG., AMERICAN SERVICING COMPANY, AMERICA'S SERVICING COMPANY, AMERIQUEST MORTGAGE, ATLANTIC HOME LOANS, INC., AURORA LOAN SERVICES, LLC, AURORA LOAN SERVICES, LLC, BANK OF AMERICA, BANK OF AMERICA SAVINGS, BANK OF AMERICA HOME LOANS, BAC HOME LOAN SERVICING, BANK OF NEW YORK, BANK OF NEW YORK MELLON, C-BASS, BARCLAYS BANK, CIT GROUP, CIT MORTGAGE LOAN TRUST, CITI MORTGAGE, CITIBANK NA, CITICORP MORTGAGE, INC., CITICORP HOME LOANS, CONSUMER FINANCE GROUP, CENTRAL PACIFIC MORTGAGE DBA IVANHOE MTG, CHASE BANK USA, N.A., CHASE HOME FINANCE, LLC, CHASE HOME FINANCE LLC, CHASE JP MORGAN, COUNTRYWIDE BANK FSB, COUNTRYWIDE FINANCIAL, COUNTRYWIDE HOME LOAN, COUNTRYWIDE HOME LOANS, DEUTSCHE BANK, DEUTSCHE BANK NATIONAL TRUST COMPANY, DYNAMIC FINANCIAL CONSULTANTS, INC., ERETZ FUNDING NJ, LTD., FIRST NATIONAL BANK OF ARIZONA, FIRST FINANCIAL EQUITIES, INC, .FIRST FRANKLIN, FSB, FIRST FRANKLIN LOAN SERVICES, FIRST FRANKLIN, A DIVISION OF NATIONAL CITYBANK OF IN, FIRST HORIZON HOME LOAN CORP., FIRST LARDIAN MORTGAGE, FIRST LARIDIAN MTG. FOR THE CIT GROUP/FINANCE,INC., FIRST NATIONAL LENDING SERVICES, FIRST RESIDENTIAL MORTGAGE SERVICES CORP., FREDDIE MAC, FANNIE MAE, FHA, GFI MORTGAGE, GRAND PACIFIC MORTGAGE CORP. GMAC BANK, GREEN TREE SERVICING, LLC, GREENTREE, GREENTREE FINANCIAL CORPORATION, GREENPOINT BANK, GREENPOINT MORTGAGE, GREENPOINT FSB, GREENPOINT MORTGAGE FUNDING. H S I SECURITY, HOMEBUYERS, HOMECOMING FINANCIAL, LLC, HOMECOMINGS FINANCIAL, A GMAC COMPANY; HOMEQ BANK; HOMEQ SERVICING, HSBC NATIONAL BANK, HSBC BANK, HSBC USA PARSIPPANY COMMONS, INDY MAC FINANCIAL, INDY MAC BANK, FSB, INDY MAC FEDERAL BANK A DIVISION OF ONEWEST BANK, INDY MAC MORTGAGE SERVICES A DIVISION OF ONE WEST BANK, FSB, JP MORGAN CHASE BANK, NA, JP MORGAN CHASE BANK, NA, JS FINANCIAL MORTGAGE CORP., LOAN CITY MORTGAGE, LOAN CITY NATIONAL, LITTON LOAN SERVICING, LITTON BANK FSB, LASALLE BANK BOUGHT BY

BANK OF AMERICA, LANCASTER THEIR SUCCESSORS & ASSIGNS, LANCASTER
MORTGAGE BANKERS, LLC, LEHMAN MORTGAGE, LEHMAN BROTHERS BANK, FSB,
LONG BEACH MORTGAGE, MORGAN STANLEY BANK, MORTGAGRIT MORTGAGE,
MONTGOMERY MORTGAGE, METLIFE BANK, FSB CENTRAL OPERATIONS, METLIFE HOME
LOANS, A DIVISION OF METLIFE BANK, NA, MORTGAGE PLUS, MORTGAGE LENDERS
NETWORK USA, INC., NATIONAL MORTGAGE NETWORK, NATIONSTAR MORTGAGE,
NATIONAL CITY BANK/PNC, NATIONAL MORTGAGE NETWORK, NEW CENTURY
FINANCIAL, NEW CENTURY MORTGAGE CORPORATION, OCWEN, FSB, ONE WEST BANK,
FSB, ONE WEST MORTGAGE, OPTEUM FINANCIAL, OPTEUM FINANCIAL SERVICES,
LLCWEST, OPTION ONE MORTGAGE CORP, OPTION ONE MORTGAGE CORP.,, PACIFIC
MORTGAGE CORP., PNC BANK, PROGRESSIVE MTG SERVICES INC., INC., REAL ESTATE
MORTGAGE NETWORK, INC.., SLS SPECIALED LOAN SERVICING, SELECT PORTFOLIO,
SELECT PORTFOLIO SERVICING, INC., SPECIALIZED HOME SERVICING LLC, SOVEREIGN
BANK, THE CIT GROUP/ CONSUMER FINANCE, INC, US BANK, US BANK FSB, US BANK
ASSOCIATION, US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED
ASSET, SECURITIES CORP., WILLSHIRE CREDIT, WALL STREET FINANCIAL CORP.,
WACHOVIA BANK NA, WACHOVIA SAVINGS, WASHINGTON MUTUAL, WASHINGTON
MUTUAL FSB, WASHINGTON MUTUAL HOME LOANS, WELLS FARGO HOME EQUITY,
WELLS FARGO HOME LOANS MORTGAGE, WELLS FARGO BANK, WELLS FARGO HOME
MORTGAGE.

Defendants.

---

Case No.

## CLASS ACTION COMPLAINT

### JURY TRIAL DEMANDED

### <u>NATURE OF THE ACTION</u>

Plaintiffs bring this action against Defendants for engaging in predatory lending practices and for
violations of Federal and States laws, including but not limited to the federal Truth in Lending
Act and Regulation Z, the federal Real Estate Settlement Procedures Act, the Home Ownership
and Equity Protection Act, the federal Racketeer Influenced and Corrupt Organizations Act, the
Fair Debt Collection Practices Act, the Fair Credit Reporting Act, State and Federal High Cost
Loan Statutes, the New Jersey Consumer Fraud Act, the New Jersey Lenders' Liability Law, the

New Jersey RICO statutes, breach of contract, fraud and misrepresentation, negligence, and other causes of action arising from the mortgage transactions entered into by Plaintiffs on their subject properties. Plaintiffs received mortgages with higher interest rates and/or terms that differed from those promised by Defendants. Defendants engaged in predatory lending tactics commonly referred to as "bait and switch" or "loan flipping," charged Plaintiffs fees and costs at closing for services not provided, failed to provide them with the required timely disclosures regarding these loans, and provided documents concerning the loans that contained false and misleading terms.

## PARTIES

1. Plaintiffs' names and addresses. See Exhibit A.

2. Defendant 1ST 2ND MORTGAGE COMPANY OF NJ, INC. is a corporation whose principal place of business is located at 50 SPRING STREET, CRESSKILL, NJ 07626 and does business in New Jersey.

3. Defendant ABS CAPITAL (Morgan Stanley ABS Capital 1 Inc.) is a corporation whose principal place of business is located at 1585 BROADWAY, NEW YORK, NY 10036 and does business in New Jersey.

4. Defendant ACCREDITED HOME LENDERACCREDITED HOME LENDER is a corporation whose principal place of business is located at and does business in New Jersey.

5. Defendant ACCURATE MORTGAGE COMPANY is a corporation whose principal place of business is located at 263 S WASINGTON AVE., BERGENFIELD, NJ 07621 and does business in New Jersey.

6. Defendant AMERICAN HOME MORTGAGE, INC. is a corporation whose principal place of business is located at 2001US HWY 46, #310, PARSIPPANY, NJ 07054 and does business in New Jersey.

7. Defendant AMERICAN FINANCIAL RESOURCES, INC. is a corporation whose principal place of business is located at 273 MAIN STREET, DENVILLE, NJ 07834 and does business in New Jersey.

8. Defendant AMERICAN SERVICING CO./WELLS FARGO HOME MTG. is a corporation whose principal place of business is located at 87 BERDAN AVE., WAYNE, NJ 07470 and does business in New Jersey.

9. Defendant AMERICAN SERVICING COMPANY is a corporation whose principal place of business is located at 3476 STATEVIEW BLVD., MAC X7801-03K, FORT MILL, SC 29715 and does business in New Jersey.

10. Defendant AMERICA'S SERVICING COMPANY is a corporation whose principal place of business is located at 3476 STATEVIEW BLVD., MAC X7801-03K, FORT MILL and does business in New Jersey.

11. Defendant AMERIQUEST MORTGAGE COMPANY is a corporation whose principal place of business is located at 7520 ASTORIA BLVD., STE 120 - JACKSON HEIGHTS, NY 11370 and does business in New Jersey.

12. Defendant ATLANTIC HOME LOANS, INC. is a corporation whose principal place of business is located at 50 RT 46 PARSIPPANY, NJ 07054 and does business in New Jersey.

13. Defendant AURORA LOAN SERVICES, LLC is a corporation whose principal place of business is located at 10350 PARK MEADOWS DRIVE, 5TH FLOOR, LITTLETON, CO 80124 and does business in New Jersey.

14. Defendant AURORA LOAN SERVICES, LLC is a corporation whose principal place of business is located at 480 NORTH BEVERWYCK RD., LAKE HIAWATHA, NJ 07034 and does business in New Jersey.

15. Defendant BANK OF AMERICA is a corporation whose principal place of business is located at 480 N BEVERWYCK RD, LAKE HIAWATHA, NJ 07034 and does business in New Jersey.

16. Defendant BANK OF AMERICA SAVINGS is a corporation whose principal place of business is located at 3035 RT 46  PARSIPPANY, NJ 07054 and does business in New Jersey.

17. Defendant BANK OF AMERICA HOME LOANS is a corporation whose principal place of business is located at 3035 RT. 46  PARSIPPANY, NJ 07054 and does business in New Jersey.

18. Defendant BAC HOME LOAN SERVICING is a corporation whose principal place of business is located at 4500 PARK GRANADA, CALABASAS, CA 91302 and does business in New Jersey.

19. Defendant BANK OF NEW YORK is a corporation whose principal place of business is located at 100 E HANOVER AVE, CEDAR KNOLLS, NJ 07927 and does business in New Jersey.

20. Defendant BANK OF NEW YORK MELLON is a corporation whose principal place of business is located at 385 RIFLE CAMP ROAD, WEST PATERSON, NJ 07424 and does business in New Jersey.

21. Defendant C-BASS (credit based asset servicing and securization LLC - owns Litton Servicing) is a corporation whose principal place of business is located at 335 MADISON AVENUE, 19 FL., NEW YORK, NY 10017 and does business in New Jersey.

22. Defendant BARCLAYS BANK (BARCLAYS CAPITAL REAL ESTATE is subsidiary of Barclays Bank) and is a corporation whose principal place of business is located AT 200 PARK AVENUE, NEW YORK, NY 10166 and does business in New Jersey.

23. Defendant CIT GROUP (Can only find "Citi" address) is a corporation whose principal place of business is located at 399 Park Avenue, New York, NY 10043 and does business in New Jersey.

24. Defendant CIT MORTGAGE LOAN TRUST is a corporation whose principal place of business is located at 388 GREENWICH STREET, 14TH FLOOR, NEW YORK, NY 10013 and does business in New Jersey.

25. Defendant CITI MORTGAGE is a corporation whose principal place of business is located AT 80 NJ-4, PARAMUS, NJ 07652 and does business in New Jersey.

26. Defendant CITIBANK NA is a corporation whose principal place of business is located AT 412 STATE ROUTE 10, WHIPPANY, NJ 07981 and does business in New Jersey.

27. Defendant CITICORP MORTGAGE, INC is a corporation whose principal place of business is located at 110 JEFFERSON BLVD, WARWICK, RI 02888 and does business in New Jersey.

28. Defendant CITICORP HOME LOANS is a corporation and does business in New Jersey.

29. Defendant CONSUMER FINANCE GROUP (part of PRICEWATERHOUSE COOPERS) is a corporation whose principal place of business is located at 400 CAMPUS DRIVE, FLORHAM PARK, NJ 07932 and does business in New Jersey. (PWC address)

30. Defendant CENTRAL PACIFIC MORTGAGE DBA IVANHOE MTG is a corporation whose principal place of business is located at 604 COURTLAND ST, SUITE 320 ORLANDO, FLORIDA, 32804 and does business in New Jersey.

31. Defendant CHASE BANK USA, N.A is a corporation whose principal place of business is located at 300 TICE BLVD., WOODCLIFF LAKE, NJ 07677 and does business in New Jersey.

32. Defendant CHASE HOME FINANCE, LLC is a corporation whose principal place of business is located at 1820 EAST SKY HARBOR CIRCLE SOUTH, PHOENIX, AZ 85034-9700 and does business in New Jersey.

33. Defendant CHASE HOME FINANCE LLC is a corporation whose principal place of business is located at 10790 RANCHO BERNARDINO RD., SAN DIEGO, CA 92127 and does business in New Jersey.

34. Defendant CHASE JP MORGAN is a corporation and does business in New Jersey.

35. Defendant COUNTRYWUDE BANK FSB is a corporation and does business in New Jersey.

36. Defendant COUNTRYWIDE FINANCIAL is a corporation and does business in New Jersey.

37. Defendant COUNTRYWIDE HOME LOAN is a corporation whose principal place of business is located at S650 WHITE DRIVE, SUITE 280, LAS VEGAS, NV 89119 and does business in New Jersey.

38. Defendant COUNTRYWIDE HOME LOANS is a corporation whose principal place of business is located at 11 COMMERCE DRIVE, CRANFORD, NJ 07016 and does business in New Jersey.

39. Defendant DEUTSCHE BANK is a corporation and does business in New Jersey.

40. Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY is a corporation whose principal place of business is located at 2 GATEHALL DR., PARSIPPANY, NJ 07054 and does business in New Jersey.

41. Defendant DYNAMIC FINANCIAL CONSULTANTS, INC. is a corporation whose principal place of business is located at 502 HAMBURG TURNPIKE, SUITE 208, WAYNE, NJ 07470 and does business in New Jersey.

42. Defendant ERETZ FUNDING NJ, LTD. is a corporation whose principal place of business is located at 426 CLIFTON AVENUE, LAKEWOOD, NJ 08701 and does business in New Jersey.

43. Defendant FIRST NATIONAL BANK OF ARIZONA is a corporation and does business in New Jersey.

44. Defendant FIRST FINANCIAL EQUITIES, INC. is a corporation whose principal place of business is located at 25 ROCKWOOD PLACE, 4TH FLOOR, ENGLEWOOD, NJ 07631 and does business in New Jersey.

45. Defendant FIRST FRANKLIN, FSB is a corporation whose principal place of business is located at 445 BROADHOLLOW RD., SUITE 215, MELVILLE, NY 11747 and does business in New Jersey.

46. Defendant FIRST FRANKLIN LOAN SERVICES is a corporation whose principal place of business is located at 150 ALLEGHENY CERTER MALL, PITTSBURGH, PA 15212 and does business in New Jersey.

47. Defendant FIRST FRANKLIN, A DIVISION OF NATIONAL CITYBANK OF IN is a corporation whose principal place of business is located at 2150 NORTH FIRST ST. , SAN JOSE, CA 95131 and does business in New Jersey.

48. Defendant FIRST HORIZON HOME LOAN CORP. is a corporation whose principal place of business is located at 4000 HORIZON WAY, IRVING, TX 75063 and does business in New Jersey.

49. Defendant FIRST LARDIAN MORTGAGE is a corporation and does business in New Jersey.

50. Defendant FIRST LARIDIAN MTG. FOR THE CIT GROUP/FINANCE,INC. is a corporation whose principal place of business is located at 10000 SAGEMORE DR., MARLTON, NJ 08052 and does business in New Jersey.

51. Defendant FIRST NATIONAL LENDING SERVICES is a corporation whose principal place of business is located at 950 IRON POINT ROAD, SUITE 240, FOLSOM, CA 95630 and does business in New Jersey.

52. Defendant FIRST RESIDENTIAL MORTGAGE SERVICES CORP. is a corporation whose principal place of business is located at 570 SYLVAN AVENUE, ENGLEWOOD CLIFFS, NJ 07632 and does business in New Jersey.

53. Defendant GFI MORTGAGE is a corporation whose principal place of business is located at 65 NEW JERSEY RT.4 RIVER EDGE, NJ 07661 and does business in New Jersey.

54. Defendant GRAND PACIFIC MORTGAGE CORP. is a corporation whose principal place of business is located at 10 SKYLINE DR., HAWTHORNE, NY 10532 and does business in New Jersey.

55. Defendant GMAC BANK is a corporation whose principal place of business is located at 855 STATE RT 10, RANDOLPH, NJ 07869 and does business in New Jersey.

56. Defendant GREEN TREE SERVICING, LLC is a corporation whose principal place of business is located at 345 ST PETER ST., ST PAUL, MN 55102 and does business in New Jersey.

57. Defendant GREENTREE FINANCIAL/SUCCESSORS AND/OR ASSIGNS is a corporation and does business in New Jersey.

58. Defendant GREENTREE FINANCIAL CORPORATION is a corporation whose principal place of business is located at 1930 MARLTON PIKE EAST, CHERRY HILL, NJ 08003 and does business in New Jersey.

59. Defendant GREENPOINT BANK is a corporation whose principal place of business is located at 245 E 34th S, New York, NY 10016 and does business in New Jersey.

60. Defendant GREENPOINT MORTGAGE (shut down by parent Capital One Financial Corp.) is a corporation whose principal place of business is located at 100 WOOD HOLLOW DRIVE, NOVATO, CA 94945 and does business in New Jersey.

61. Defendant GREENPOINT FSB is a corporation whose principal place of business is located at 90 PARK AVENUE, NEW YORK, NEW YORK 10016 and does business in New Jersey.

62. Defendant GREENPOINT MORTGAGE FUNDING is a corporation whose principal place of business is located at 3000 ATRIUM WAY - ST.430 MT. LAUREL, NJ 08054 and does business in New Jersey.

63. Defendant H S I SECURITY is a corporation whose principal place of business is located at

64. Defendant HOMEBUYERS MORTGAGE is a corporation whose principal place of business is located at 160 MALLORY AVENUE, JERSEY CITY, NJ 07304 and does business in New Jersey.

65. Defendant HOMECOMING FINANCIAL, LLC is a corporation whose principal place of business is located at 9 SYLVAN WAY, SUITE 100, PARSIPPANY, NJ 07054 and does business in New Jersey.

66. Defendant HOMECOMINGS FINANCIAL, A GMAC COMPANY is a corporation whose principal place of business is located at 3451 HAMMOND AVENUE, WATERLOO, IA 50702 and does business in New Jersey.

67. Defendant HOMEQ BANK is a corporation and does business in New Jersey.

68. Defendant HOMEQ SERVICING (Now Barclays Capital Real Estate) is a corporation whose principal place of business is located at 4837 WATT AVE. STE. 200, NORTH HIGHLANDS, CA 95660 and does business in New Jersey.

69. Defendant HSBC NATIONAL BANK is a corporation whose principal place of business is located at and does business in New Jersey.

70. Defendant HSBC BANK is a corporation and does business in New Jersey.

71. Defendant HSBC USAPARSIPPANY COMMONS, is a corporation whose principal place of business is located at 3219 RT 46 E. PARSIPPANY, NJ 07054 and does business in New Jersey.

72. Defendant INDY MAC FINANCIAL is a corporation and does business in New Jersey.

73. Defendant INDY MAC BANK, FSB is a corporation and does business in New Jersey.

74. Defendant INDY MAC FEDERAL BANK A DIVISION OF ONEWEST BANK is a corporation whose principal place of business is located at 6900 BEATRICE DR., KALAMAZOO, MI 49009 and does business in New Jersey.

75. Defendant INDY MAC MORTGAGE SERVICES A DIVISION OF ONE WEST BANK, FSB is a corporation whose principal place of business is located at 155 N. LAKE AVE., PASADENA, CA 91101 and does business in New Jersey. and does business in New Jersey.

76. Defendant JP MORGAN CHASE BANK, NA is a corporation whose principal place of business is located at 10790 RANCHO BERNARDINO RD., SAN DIEGO, CA 92127

77. Defendant JP MORGAN CHASE BANK, NA is a corporation whose principal place of business is located at 1111 POLARIS PARKWAY, COLUMBUS, OH 43240 and does business in New Jersey.

78. Defendant JS FINANCIAL MORTGAGE CORP. is a corporation whose principal place of business is located at 2300 ROUTE 208 SOUTH, FAIRLAWN, NJ 07410 and does business in New Jersey.

79. Defendant LOAN CITY MORTGAGE is a corporation and does business in New Jersey.

80. Defendant LOAN CITY NATIONAL is a corporation and does business in New Jersey.

81. Defendant LITTON LOAN SERVICING (wholly owned by C-BASS) is a corporation whose principal place of business is located at 4828 Loop Central Drive, Houston TX 77081 and does business in New Jersey.

82. Defendant LITTON BANK FSB is a corporation whose principal place of business is located at

83. Defendant LASALLE BANK BOUGHT BY BANK OF AMERICA is a corporation whose principal place of business is located at and does business in New Jersey.

84. Defendant LANCASTER THEIR SUCCESSORS & ASSIGNS is a corporation whose principal place of business is located at 20 INDEPENDENCE BLVD., WARREN, NJ 07059 and does business in New Jersey.

85. Defendant LANCASTER MORTGAGE BANKERS, LLC is a corporation whose principal place of business is located at 20 INDEPENDENCE BOULEVARD, WARREN, NJ 07059 and does business in New Jersey.

86. Defendant LEHMAN MORTGAGE is a corporation whose principal place of business is located at and does business in New Jersey.

87. Defendant LEHMAN BROTHERS BANK, FSB is a corporation whose principal place of business is located at 327 INVERNESS DRIVE, SOUTH ENGLEWOOD, CO 80112 and does business in New Jersey.

88. Defendant LONG BEACH MORTGAGE is a corporation whose principal place of business is located at 4160 DUBLIN BLVD. 400, DUBLIN, CA 94568 and does business in New Jersey.

89. Defendant MORGAN STANLEY BANK is a corporation whose principal place of business is located at 1585 Broadway, New York, NY 10036 and does business in New Jersey.

90. Defendant MORTGAGRIT MORTGAGE is a corporation whose principal place of business is located at 33 MAIDEN LANE - NEW YORK, NEW YORK and does business in New Jersey.

91. Defendant MONTGOMERY MORTGAGE is a corporation whose principal place of business is located at 2230 RT. 206, 1ST FLOOR, BELLEMEAD, NJ 08502 and does business in New Jersey.

92. Defendant METLIFE BANK, FSB CENTRAL OPERATIONS is a corporation whose principal place of business is located at 501 Route 22 West, Floor 1W, Bridgewater, NJ 08807 and does business in New Jersey.

93. Defendant METLIFE HOME LOANS, A DIVISION OF METLIFE BANK, NA is a corporation whose principal place of business is located at 4000 HORIZON WAY, IRVING, TX 75063

94. Defendant MORTGAGE PLUS is a corporation whose principal place of business is located at and does business in New Jersey.

95. Defendant MORTGAGE LENDERS NETWORK USA, INC. is a corporation whose principal place of business is located at 213 COURT STREET, MIDDLETOWN, CT 06457 and does business in New Jersey.

96. Defendant NATIONAL MORTGAGE NETWORK is a corporation whose principal place of business is located at 467 MIDDLESEX AVENUE - METUCHEN, NJ 07740 and does business in New Jersey.

97. Defendant NATIONSTAR MORTGAGE is a corporation whose principal place of business is located at 350 HIGHLAND DR., LEWISVILLE, TX 35067 and does business in New Jersey.

98. Defendant NATIONAL CITY BANK/PNC is a corporation whose principal place of business is located at 2 RIDGEDALE AVE. CEDAR KNOLLS, NJ 07927 and does business in New Jersey.

99. Defendant NATIONAL MORTGAGE NETWORK is a corporation whose principal place of business is located at

100. Defendant NEW CENTURY FINANCIAL is a corporation whose principal place of business is located at 1610 WOODSTEAD COURT, SUITE 100, THE WOODLANDS, TX 77380 and does business in New Jersey.

101.   Defendant NEW CENTURY MORTGAGE CORPORATION is a corporation whose principal place of business is located at 18400 VAN KARMAN STE, 1000 IRVINE, CA 92612 and does business in New Jersey.

102.   Defendant OCWEN, FSB is a corporation whose principal place of business is located at 2711 CENTERVILLE RD. SUITE 400, WILLMINGTON, DE 19808 and does business in New Jersey.

103.   Defendant ONE WEST BANK, FSB is a corporation and does business in New Jersey. Defendant ONE WEST MORTGAGE is a corporation and does business in New Jersey. Defendant OPTEUM FINANCIAL is a corporation whose principal place of business is located at 12 CHRISTOPHER WAY, EATONTOWN, NJ 07724 and does business in New Jersey.

104.   Defendant OPTEUM FINANCIAL SERVICES, LLCWEST is a corporation whose principal place of business is located at 115 CENTURY RD., PARAMUS, NJ 07652 and does business in New Jersey.

105.   Defendant OPTION ONE MORTGAGE CORP is a corporation whose principal place of business is located at 433 HACKENSACK AVE., HACKENSACK, NJ 07601 and does business in New Jersey.

106.   Defendant OPTION ONE MORTGAGE CORP. is a corporation whose principal place of business is located at 580 WHITE PLAINS ROAD, TARRYTOWN, NY 10591 and does business in New Jersey.

107.   Defendant PACIFIC MORTGAGE CORP. is a corporation whose principal place of business is located at 2001 E. MIRALOMA AVE. 2ND FL., PLACENTIA, CA 92870 and does business in New Jersey.

108.   Defendant PNC BANK is a corporation whose principal place of business is located at

425 BOULEVARD, MOUNTAIN LAKES, NJ 07046 and does business in New Jersey.

109.   Defendant PROGRESSIVE MTG SERVICES INC., INC. is a corporation whose

principal place of business is located at 297-101 KINNDERKAMACK RD., #276 -

ORADELL, NJ 07649 and does business in New Jersey.

110.   Defendant REAL ESTATE MORTGAGE NETWORK, INC. is a corporation whose

principal place of business is located at 70 GRAND AVE., RIVER EDGE, NJ 07661 and

does business in New Jersey.

111.   Defendant SLS SPECIALED LOAN SERVICING is a corporation whose principal place

of business is located at 8742 Lucent Blvd, Suite 300, Highlands Ranch, CO 80129 and does

business in New Jersey.

112.   Defendant SELECT PORTFOLIO (formerly known as Fairbanks Capital Corp.) is a

corporation whose principal place of business is located at 3815 South West Temple, Salt

Lake City, UT 84115 and does business in New Jersey.

113.   Defendant SELECT PORTFOLIO SERVICING, INC. is a corporation whose principal

place of business is located at 3815 SOUTH WEST TEMPLE, SALT LAKE CITY, UT

84165 and does business in New Jersey.

114.   Defendant SPECIALIZED HOME SERVICING LLC is a corporation whose principal

place of business is located at 8742 LUCENT BLVD., SUITE 300, HIGHLANDS RANCH,

CO 80129 and does business in New Jersey.

115.   Defendant SOVEREIGN BANK is a corporation whose principal place of business is

located at 239 LITTLETOWN RD., PARSIPPANY, NJ 07054 and does business in New

Jersey.

116.    Defendant THE CIT GROUP/ CONSUMER FINANCE, INC is a corporation whose principal place of business is located at 715 SOUTH METROPOLITAN AVE. OAKLAHOMA CITY, OK 73105 and does business in New Jersey.

117.    Defendant US BANK is a corporation and does business in New Jersey. Defendant US BANK NATIONAL is a corporation whose principal place of business is located at 100 WALL STREET FLOOR 15, NEW YORK, NY 10005 and does business in New Jersey.

118.    Defendant US BANK FSB is a corporation whose principal place of business is located at 2222 E. CAMELBACK RD., PHOENIX, AZ85016 and does business in New Jersey.

119.    Defendant US BANK ASSOCIATION is a corporation whose principal place of business is located at 800 NICOLLTE MALL, MINEAPOLIS, MN 55402 and does business in New Jersey.

120.    Defendant US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ASSET is a corporation whose principal place of business is located at

121.    Defendant SECURITIES CORP. is a corporation whose principal place of business is located at 1000 WILLIAM STREET, YORKVILLE, OH 43971 and does business in New Jersey.

122.    Defendant WILLSHIRE CREDIT is a corporation and does business in New Jersey.

123.    Defendant WALL STREET FINANCIAL CORP. is a corporation whose principal place of business is located at 75 LANE RD., FAIRFIELD, NJ 07004 and does business in New Jersey.

124.    Defendant WACHOVIA BANK NA is a corporation whose principal place of business is located at 301 South College Street, Suite 4000, Charlotte, NC 28288 and does business in New Jersey.

125.   Defendant WACHOVIA SAVINGS is a corporation and does business in New Jersey.

126.   Defendant WASHINGTON MUTUAL is a corporation whose principal place of business is located at 463 MAIN STREET, CHATHAM, NJ 07928-2102 and does business in New Jersey.

127.   Defendant WASHINGTON MUTUAL FSB is a corporation and does business in New Jersey. Defendant WASHINGTON MUTUAL HOME LOANS is a corporation whose principal place of business is located at 7255 BAYMEADOWS WAY, STE. 156, JACKSONVILLE, FL 32256 and does business in New Jersey.

128.   Defendant WELLS FARGO HOME EQUITY is a corporation and does business in New Jersey.

129.   Defendant WELLS FARGO HOME LOANS MORTGAGE is a corporation and does business in New Jersey.

130.   Defendant WELLS FARGO BANK is a corporation whose principal place of business is located at 299 Cherry Hill Rd, Parsippany, NJ 07054 and does business in New Jersey.

131.   Defendant WELLS FARGO HOME MORTGAGE is a corporation whose principal place of business is located at 140 E. RIDGEWOOD AVE., PARAMUS, NJ 07652 and does business in New Jersey.


## JURISDICTION AND VENUE

132.   This Court has personal jurisdiction over Defendants named herein because a substantial portion of the wrongdoing alleged in this Complaint took place in the State of New Jersey. Defendants regularly do business in New Jersey.

133.    This is an action n for violations of 15 U.S.C. § 1601 *et seq.* (Truth in Lending Act,
        hereafter "TILA"), 42 U.S.C. § 3601 *et seq.* (Fair Housing Act), 15 U.S.C. § 1691 *et seq.*
        (Equal Credit Opportunity Act), and related state laws. This Court has subject matter
        jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. §
        1367 (supplemental jurisdiction).

134.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a
        substantial portion of the events and omissions giving rise to this Complaint occurred within
        the United States of America in the State of New Jersey.

## FACTUAL BACKGROUND

135.    Plaintiffs are purchasers of residential properties.

136.    Plaintiffs sought to obtain mortgage lending from Defendants for their properties.

137.    Defendants allowed some Plaintiffs to obtain 100% financing on their properties without
        requesting down payment by Plaintiffs.

138.    Defendants allowed Plaintiffs to obtain such lending even though a review of Plaintiffs'
        history would show that Plaintiffs were high-risk borrowers.

139.    Defendants engaged in sharp lending tactics. Defendant cannot reasonably assert that
        they were unaware of such lending tactics as a cursory review of the loan documents
        provided by Plaintiffs would reveal a predatory lending scheme.

140.    Defendants provided adjustable rate mortgages; their contrary disclosures constitute
        violations of the Truth-in-Lending Law. Defendants inaccurately stated the interest rate, total
        number of possible adjustments, amount financed and total payment to Plaintiffs.

141.    Defendants' representations to Plaintiffs were false and misleading.

142.   Defendants violated federal statutes by providing false statements that stated the interest rates to be far lower than they actually were and by drastically misstating the total dollars financed. Also, Defendant misrepresented the fees and costs of the refinance.

143.   Plaintiffs ultimately executed individual notes with an adjustable rate loan.

144.   Defendants did not make the proper Truth-in-Lending Act disclosures with calculations of the periodic APR increases up to the rate cup, which qualified the loan as "high cost" loans under the Home Ownership and Equity Protection Act (HOEPA).

145.   A HOEPA loan is subject to far more scrutiny and requires that the lender provide additional disclosures and prohibits unverified loans, which Defendants failed to make.

146.   Plaintiffs were unaware of the false information provided by Defendants when their applications were submitted.

147.   Defendants failed to provide what was promised.

148.   Defendants made fraudulent representations about the terms of the loan to Plaintiffs in order to induce Plaintiffs to obtain the mortgages on their houses.

149.   Plaintiffs did not realize that the terms of their mortgages were different than what had previously been promised to them by Defendants until recently. Defendants had in fact given Plaintiffs given Adjustable Rate Mortgages.

150.   Defendants and their principals did not provide Plaintiffs with important information, or otherwise through their actions or inactions caused Plaintiffs to enter into the subject loan transaction for the subject property.

151.   Defendants knew or should have known that Plaintiffs lacked the legal capacity to enter into these mortgage loan contracts and/or did not understand the essential terms of the documents that they were executing.

152.    To the extent that Defendants may have ever provided any written information contrary to what the Defendants promised Plaintiffs, that information was confusing, contradictory, inadequate, hidden and otherwise legally insufficient.

153.    Defendants knew or should have known, based on their own review of the subject loan files, and/or previous reviews of the other loans by Defendants that Plaintiffs were being misled about essential loan terms and were not getting what they promised and/or that the proper and required notices were not timely furnished to Plaintiffs or furnished at all.

154.    Upon information and belief, the employees, agents or principals of Defendants who reviewed other such loan files discovered or should have discovered instances of fraud.

155.    Before Plaintiffs entered the subject loans, the employees, agents or principals of Defendants discovered, or should have discovered that fraud was occurring in loan flipping products wherein mortgage lenders and/or brokers were misleading their borrowers into these loans.

156.    Despite having actual or constructive notice that Defendants were misleading borrowers about the terms of such loans, Defendants and their employees, including the heads of the underwriting department and chief compliance officers) continued to allow them to submit and then fund these mortgages to borrowers despite their actual or constructive knowledge about what Defendants were doing.

157.    Defendants are servants, representatives or employees whose identities are not yet known conspired together or with other Defendants to defraud Plaintiffs by making false promises and statements, and omitted providing important and mandated loan documents concerning the refinance transaction.

158.   Aforementioned predatory lending and deceptive practices, fraudulent acts and omissions and similar conduct were not the first or the last involving the same Defendants.

159.   Upon information and belief, in the past, Defendants or other employees or supervisors of these entities have conspired with each other to defraud consumers who were then fraudulently induced into refinancing their mortgages.

160.   Defendants engaged in the predatory lending practice known as "mortgage flipping" wherein a lender systematically and fraudulently strips the equity from a home with mortgage loans likely to result in foreclosure.

161.   Defendants gave Plaintiffs at least one inaccurate Truth-in Lending Disclosure Statement that did not comply with the requirements of Federal Truth-In Lending laws.

162.   Plaintiffs would not have accepted these loans if the consequences of that were properly explained to them.

## CLASS ALLEGATIONS

163.   Description of the Class: Plaintiffs bring this action on behalf of themselves and the class of similarly situated individuals who entered into loan transactions with named Defendants or their predecessors, directly or indirectly, where such transaction involved any of the wrongful conduct described herein. All Defendants are not named because such identities are unknown to Plaintiffs at this time, such information can be ascertained through appropriate discovery from records maintained by Defendants and their agents. Plaintiffs are informed and believe that the number of potential Defendants is in the hundreds or thousands.

164.   Numerosity: Each of the proposed classes is so numerous that individual joinder of all its members is impracticable. As the factual allegations demonstrate, thousands of persons are

members of each class. While the exact number and identities of the class members are unknown at this time, such information may be ascertained through appropriate investigation and discovery. The disposition of the claims of the class members in a single class action will provide substantial benefits to all parties and to the Court.

165.    Common Questions of Law and Fact Predominate: Common questions of law and fact exist as to claims and predominate over any questions solely affecting Plaintiffs. Among the questions of law and fact common to this action are:

a. Whether Defendants or their employees and/or agents engaged in a conduct of failing to provide required TILA disclosures clearly and conspicuously, in writing and in a form that the Plaintiffs could keep and/or understand;

b. Whether Defendants or their employees and/or agents engaged in a conduct of falsifying' income without Plaintiffs' knowledge or consent;

c. Whether Defendants or their employees and/or agents engaged in a "bait and switch" scheme, in which Plaintiffs were lured in with promises of a particular set of loan terms, only to learn after entering the transaction that they had received a different and far less beneficial set of terms;

d. Whether documents, statements, contracts, advertisements and practices relating to the transactions between Plaintiffs and Defendants or their employees and/or agents were unfair, deceptive, untrue, misleading or omitted material facts and disclosures;

e. Whether Defendants or their employees and/or agents have been and are engaged in discrimination against Plaintiffs on the basis of race, national origin, age and/or gender;

f. Whether Defendants or their employees and/or agents have been and are engaged in unfair and unlawful business practices, including predatory lending practices against Plaintiffs;

g. Whether the acts of Defendants or their employees and/or agents alleged herein violated other applicable laws;

h. Whether injunctive relief prohibiting Defendants' unfair and unlawful business practices should be issued;

i. Whether declaratory relief giving Plaintiffs the right to rescind their mortgage loans should be issued;

j. Whether Plaintiffs have sustained damages and, if so, the proper measure of damages; and

k. Whether Plaintiffs are entitled to punitive damages.

166.   Typicality: Plaintiffs' claims are typical of the claims against predatory lenders, as Plaintiffs suffered harm arising out of Defendants' wrongful conduct as alleged herein. Defendants, though separate entities, are engaging in nearly identical wrongful conduct.

167.   Adequacy of Representation: Plaintiffs will fairly exhibit competent and truthful exercise in this complex civil litigation.

168.   Superiority of a Class Action: Plaintiffs' action is in the appropriate form for the following reasons:

a. It is superior to other available methods for the fair and efficient adjudication of this controversy because it is impracticable;

b. Common questions of law and fact predominate.

c. Relief is sought to stop Defendants from engaging in the wrongful conduct, as alleged herein, and for declaratory relief providing the right to rescind any loan contract with any Defendants; and;

d. Prosecution of actions will result in judgment for Plaintiffs.

## COUNT ONE
**(Truth in Lending Act & Regulation Z)**

169. Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

170. Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants are creditors involved in consumer credit transactions within the meaning of the Truth in Lending Act, 15 U.S.C. § 1601 *et. seq.* (hereinafter, "TILA").

171. Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants are creditors who regularly extend credit by means of a written agreement or with a finance charge.

172. Upon information and belief, Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants failed to comply with TILA and the regulations promulgated there under in the following ways, including but not limited to:

    a. Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants failed to provide the required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Regulation Z §226.17(b);

    b. Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants failed to make the required disclosures clearly and

conspicuously in writing in violation of 15 U.S.C. §1632(a) and Regulation Z Sec. 226.17(a);

c.  Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants failed to include in the finance charge certain charges imposed by and payable by Plaintiffs incident to the extension of credit as required by 15 U.S.C. § 1605 and Regulation Z §226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C. §1638(a)(3) and Regulation Z §226.18(d);

d.  Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants improperly included or improperly failed to include certain charges in the amount financed and thus improperly disclosed the amount financed in violation of 15 U.S.C. § 1638(a)(2) and Regulation Z §226.18(b);

e.  Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants, by calculating the APR based upon improperly calculated and disclosed finance charges and amount financed, the lenders understated the disclosed APR in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z § 226.18(c);

f.  Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants failed to provide two (2) adequate and valid same lender refinancing notices of right to cancel and rescind the transaction within three days of the consummation or the delivery of the proper disclosures in violation of 15 U.S.C. § 1635.

173.    Assignees and successors in interest are liable because the aforementioned violations are

        apparent on the face of the relevant documents including the disclosure statements, any

        itemizations of the amount financed, the note and other disclosures of disbursement.

174.    As a consequence of violations by Defendants, Plaintiffs suffered damages.

## COUNT TWO
### (Real Estate Settlement Procedures Act)

175.    Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if

        fully restated herein.

176.    Upon information and belief, Defendants, through their acts and omissions, violated the

        Real Estate Settlement Practices Act, Title 12, §§ 2601, 2607 and 2617. These acts and

        omissions include but are not limited to the aforesaid.

177.    Upon information and belief, Defendants accepted fees for work they did not perform.

178.    Upon information and belief, the costs and fees of Defendants at the closing exceeded

        those listed on the good faith estimates.

179.    The RESPA statements in these transactions were otherwise deficient, improper and

        failed to comply with federal and state law.

180.    As a consequence of the violations of Defendants, Plaintiffs suffered damages.

## COUNT THREE
### (RESPA Servicing Violations)

181.    Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if

        fully restated herein.

182.   As a result of violating RESPA, and pursuant to 12 U.S.C. Section 2607(d)(2),
Defendants, individually and collectively, are liable to each Plaintiff in an amount equal to
three times the amount of charges paid for the settlement services by each Plaintiff.

183.   The act and practices alleged whereat constitute violations of Section 623(a)(2) of the
FCRA, and 15 U.S.C. Section 1681s-2(a)(2).

184.   As a consequence of the violations of Defendants, Plaintiffs suffered damages.

## COUNT FOUR
### (Fair Debt Collection Practices Act)

185.   Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if
fully restated herein.

186.   On numerous occasions, in connection with the collection of debts that were in default
when obtained by Defendants, individually and collectively, including those of Defendants,
their predecessors or assignors, individually or by and through their employees, agents, or
servants have used false, deceptive or misleading representations or means, in violation of
Section 807 of the FDCPA, and 15 U.S.C. Section 1692(e), including but not limited to:

   a.   Falsely representing the character, amount, or legal status of a debt, or any services
rendered or compensation which may be lawfully received by a debt collector for
collection of a debt, in violation of Sections 807(2) (A) and (B) of the FDCPA, and
15 U.S.C. Section 1692(e)(2) (A) and (B);

   b.   Communicating or threatening to communicate to any persons credit information
known to be or which should be false, including the failure to communicate that a
disputed debt is disputed, in violation of Section 807(8) of the FDCPA, 15 U.S.C.
Section 1692(e)(8), and;

    c.  Using false representations or deceptive means to collect or attempt to collect debts or obtain the information concerning a consumer in violation of Section 807(10) of the FDCPA, 15 U.S.C. Section 1692(e)(10).

187.    The acts and practices alleged above are unfair and deceptive acts and practices.

188.    On numerous occasions, in connection with the collection of debts that were in default when obtained by Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants including those of Defendants, individually and collectively, have used unfair or unconscionable means to collect or attempt to collect debt, including but not limited to collecting amounts (including any interest, fee, charge, or expense incidental to the principal obligation) not authorized by the agreement creating the debt or permitted by law in violation of Section 808(I) of the FDCPA, and 15 U.S.C. Section 1692(f)(1).

189.    As a consequence of the violations of Defendants, Plaintiffs suffered damages.

**COUNT FIVE**
**(Furnishing Inaccurate Information to Credit Agencies)**

190.    Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

191.    In numerous instances, in the course and conduct of its business Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants have furnished information relating to Plaintiffs to a consumer credit reporting agency when Defendants, individually and collectively, knew or consciously avoided knowing that the information was inaccurate, and Defendants, individually and collectively, had not, clearly

192.    As a consequence of the violations of Defendants, Plaintiffs suffered damages.

## COUNT SIX
### (Failure to Correct Inaccurate Reporting)

193.    Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

194.    Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants regularly and in the ordinary course of its business furnished information to one or more consumer credit reporting agencies about its transactions or experiences with Plaintiffs, and thus must comply with the provision of Section 623(a)(2) of the FCRA, and 15 U.S.C. Section 1681s-2(a)(2).

195.    In numerous instances in which Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants have furnished to a consumer reporting agency information regarding Plaintiffs, the information that Defendants, individually and collectively, have determined to be complete and accurate, is not complete and accurate.

196.    Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants have failed to promptly notify the consumer credit agency of that determination and provide to the agency any corrections to that information, or any additional information that was necessary to make the information provided by Defendants, individually and collectively, to the agency complete and accurate, and Defendants,

197.    As mortgage lenders, Defendants, individually and collectively, are subject to the provisions of the Real Estate Settlement Procedures Act ("RESPA") contained at 12 U.S.C. Section 2601 et. seq.

198.    In violation of 12 U.S.C. Section 2607, and in connection with the respective mortgage loans made to Plaintiffs, Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants accepted fees for providing real estate settlement services when in fact those fees were for charges unrelated to the real estate settlement services.

199.    As a consequence of the violations of Defendants, Plaintiffs suffered damages.

### COUNT SEVEN
### (Failure to Provide Required Notices and Disclaimers)

200.    Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

201.    On numerous occasions, in connection with the collection of debts that were in default when obtained by Defendants, individually and collectively, Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants have failed to notify Plaintiffs of their right to dispute and obtain verification of their debt and to obtain the name of the original creditor, either in the initial communication with Plaintiffs by Defendants, individually and collectively, or within five days thereafter, in violation of Section 809(a) of the FDCPA, and 15 U.S.C. Section 1692(g)(a).

202.    As a consequence of violations of Defendants, Plaintiffs suffered damages.

**COUNT EIGHT**
**(Fair Credit Reporting Act)**

203.    Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if

fully restated herein.

204.    At all times material, Defendants were in violation of FCRA, 15 U.S.C. 1681 et. seq.,

including but not limited, to Defendants' unlawfully accessing Plaintiffs' credit information

and/or furnishing inaccurate information to credit reporting agencies.

205.    As a consequence of the violations of Defendants, Plaintiffs suffered damages.

**COUNT NINE**
**(Truth in Consumer Contract, Warrant and Notice Act)**

206.    Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if

fully restated herein.

207.    Defendants gave or displayed a written notice which included a provision or provisions

that violated the clearly established rights of Plaintiffs and those similarly situated as

established by New Jersey law.

208.    Defendants gave or displayed written notices which included a provision or provisions

that violated the clearly established rights of Plaintiffs and those similarly situated as

established by New Jersey State law and/or federal law.

209.    Defendants gave or displayed written notices which included a provision or provisions

that violated the clearly established responsibilities of Defendants as established by federal

law.

210.    By sending notices to Plaintiffs situated with provisions that Late Payment Fees and/or

Overlimit Fees will be charged, or contained other provisions that are subject to applicable

law and not stating whether those provisions apply in the State of New Jersey or what the applicable law in New Jersey, Defendants violated TCCWNA.

211. By sending applications and/or solicitations to Plaintiffs with required disclosures that contained provisions concerning Late Payment Fees and/or Overlimit Fees that vary from state to state that were disclosed in a manner not permitted by and in violation of TILA and its associated regulations, Defendants violated TCCWNA.

212. By sending applications and/or solicitations to Plaintiffs with required disclosures that were not clear and conspicuous as required by TILA and its associated regulations, Defendants violated TCCWNA.

213. As a consequence of the violations of Defendants, Plaintiffs suffered damages.

**COUNT TEN**
**(Predatory Lending)**

214. Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

215. At all times relevant to this complaint, Defendants were engaged in the business of marketing and otherwise selling and making mortgage or other loans for residential homes.

216. Defendants did advertise and publish materials, as well as conduct personal communications, whereby they enticed Plaintiffs to enter into a contract for obtaining mortgage loans.

217. Contained in these materials were certain representations pertaining to the nature of the obligations it sold or otherwise provided to consumers.

218. Defendants failed to provide the products, services and materials as described by the aforesaid print materials and oral representations.

219.    The products and/or services at issue in this cause are subject to and within the scope of the Consumer Fraud Act, of the New Jersey Statutes.

220.    Defendants engaged acts of predatory lending, including but not limited, to the following:

   a.   Approved excessive financing which permitted Defendants to finance points, broker fees, and other costs of the closing;

   b.   Engaging in improper, inadequate or nonexistent "due diligence" regarding Plaintiffs' ability to repay the high cost home loan given;

   c.   Intentionally and improperly placing Plaintiffs into "subprime loan" products with excessively high interest rates, longer loan terms and impaired refinancing flexibility to the sole benefit of Defendants;

   d.   Failing to provide or inadequate providing the state and federally mandated truth-in-lending act (TILA) disclosures regarding material elements of the financing being obtained, including without limitation, matters relating to closing costs and fees, counseling services, loan terms, amortization schedules and balloon payment requirements;

   e.   Forging numerous loans, and;

   f.   Employing repeated and continuous coercive and concerted tactics by Defendants and other nonparties who stood to benefit from the loan process, which successfully targeted and forced Plaintiffs to close on the loans and the property or face significant and dire financial consequences to include losing the down payment/deposit, defaulting under the purchase contract and losing the loan commitment.

221.    In engaging in the above conduct, Defendants committed unconscionable commercial practices, deception, fraud, falsity, or predatory lending, usury and misrepresentations in

connection with the transactions at issue, under the scope of the Consumer Fraud Act,
Section 56:8-1 et seq. of the New Jersey Statutes in failing to assure these products, services
and materials were rendered as represented.

222.    As a result of the foregoing, Defendants perpetrated and/or otherwise were party to
"reverse redlining" and related predatory lending practices with regard to Plaintiffs, in
violation of the New Jersey Consumer Fraud Act (CFA).

223.    As a result of Defendants' unlawful conduct, Plaintiffs have suffered damage.

## COUNT ELEVEN
### (New Jersey Licensed Lenders Act)

224.    Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if
fully restated herein.

225.    Each Defendant (in that each Defendant acted as its own broker) is a "mortgage broker"
as defined in New Jersey Licensed Lenders Act, N.J.S.A.17:11C-2, and, therefore, subject to
the requirements of N.J.S.A. 17:11C-1 et. seq. and its accompanying regulations, N.J.A.C.
3:15-1 et. seq.

226.    Notwithstanding its mortgage broker status, Defendants, their predecessors or assignors,
individually or by and through their employees, agents, or servants knowingly concealed
information, which federal statutes and regulations required to be disclosed to Plaintiffs, their
clients.

227.    Defendants, their predecessors or assignors, individually or by and through their
employees, agents, or servants entered into mortgage transactions with Plaintiffs knowing
that they would not be able to repay their loan obligation in full due to the debt to income
ratio and other information shown on their respective loan applications.

228.    Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants fraudulently induced Plaintiffs into signing a note and mortgage that included an unconscionable loan total with the knowledge that such a requirement is contrary to applicable law and public policy.

229.    Defendants' concealments and misrepresentations were made maliciously, with knowledge of their falsity.

230.    Plaintiffs justifiably relied upon Defendants' false and fraudulent representations in making their respective mortgage loan agreements.

231.    As a result of Defendants' unlawful conduct, Plaintiffs have suffered damage.

### COUNT TWELVE
### (12 U.S.C. Section 2605)

232.    Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

233.    In numerous instances, in connection with the servicing of mortgage loans and the administration of escrow accounts of Plaintiffs, Defendants, individually and collectively, have violated the requirements of Section 6 of RESPA, and 12 U.S.C. Section 2605, specifically including the failure to:

    a.   Promptly post payments received from Plaintiffs in a timely manner;

    b.   Timely apply payments to principal and interest on Plaintiffs' accounts;

    c.   Make timely payments of escrow funds for casualty insurance premiums and property taxes, and;

      d.  Timely and adequately acknowledge, investigate and respond to Plaintiffs' qualified written requests for information about the servicing of their loans and escrow accounts.

234.    As a result of Defendants' unlawful conduct, Plaintiffs have suffered damage.

**COUNT THIRTEEN**
**(New Jersey Consumer Fraud Act)**

235.    Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

236.    Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants violated the New Jersey Consumer Fraud Act by:

      a.  Failing to provide a good faith estimate to Plaintiffs in advance of the closing date or within three days of their first loan applications, thereby deceiving them about the affordability of the monthly payments;

      b.  Failing to provide accurate Truth in Lending Statements in advance of closing;

      c.  Misrepresenting to Plaintiffs that the loans were affordable, although Defendants knew or should have known that Plaintiffs had low or fixed incomes; and

      d.  Misrepresenting to Plaintiffs that the loans would provide them with an economic benefit;

237.    As set forth above, Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants committed unconscionable commercial practices, fraud, and misrepresentations.

238.    As set forth above, Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants, through their knowing concealment and

omission of material facts relating to the affordability of the loan, intended that Plaintiffs would rely, and Plaintiffs did rely, on such misrepresentations, concealment, and omissions.

239.    The actions and omissions of Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants constitute unlawful practices under New Jersey's Consumer Fraud Act, N.J.S.A 56:8-2 et seq.

240.    As a direct and proximate result of Defendants' unlawful consumer fraud:

      a.   Plaintiffs were deceived into signing the loan documents, and;

      b.   Plaintiffs have suffered an ascertainable loss of money and of equity in their homes.

241.    Defendants and their assignees and/or successors in interest are liable for the conduct of their predecessors in interest.

242.    As a result of Defendants' unlawful conduct, Plaintiffs have suffered damage.

243.    Defendants' fraud in connection with the mortgage transaction entitles Plaintiffs to rescind the transactions.

### COUNT FOURTEEN
### (Home Ownership and Equity Protection Act)

244.    Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

245.    In 1994, Congress passed high rate home equity loan protections designed to prevent predatory lending practices targeted at the vulnerable consumers. Codified at 15 U.S.C. §1639 et. seq., this law is known as the Home Ownership Equity Protection Act ("HOEPA") and covers certain high interest or high closing cost loans. Rather than create a ceiling for interest rates on these loans, HOEPA requires lenders to make certain disclosures and

prohibits certain loan terms. In the event of noncompliance, HOEPA imposes civil liability on lenders for rescission and statutory and actual damages.

246. Each Plaintiff is a "consumer" and Defendants, individually and collectively, are "creditors" as defined by HOEPA. In the mortgage transactions at issue, each Plaintiff was required to pay excessive fees, expenses and costs, which exceeded more than 10% of the amount financed. The transactions between each Plaintiff and Defendants, individually and collectively, are, therefore, subject to HOEPA.

247. Pursuant to HOEPA, and specifically 15 U.S.C. §1639(a)(1)(b), Defendants, individually and collectively, were required to make the following disclosures to each Plaintiff conspicuously and in writing no later than three days prior to the date their respective loan transactions were consummated:

248. "You are not required to complete this agreement merely because you received these disclosures or have signed a loan application. If you obtain this loan, the lender will have a mortgage on your home. You could lose your home and any money you have put into it if you do not meet your obligation under the loan."

249. Defendants, individually and collectively, were required to make the foregoing disclosure to each Plaintiff no later than three days prior to the closing of the transaction.

250. Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants violated HOEPA with respect to each Plaintiffs by various acts and omissions, including but not limited to the following: a) failure to make the foregoing disclosure in a conspicuous fashion; b) failure to file documents canceling the resulting mortgage within three days of each Plaintiff's rescission; and c) upon information and belief, engaging in a pattern or practice of extending credit to the consumers, in this

instance, Plaintiffs, without regard to their respective ability to repay in violation of 15 U.S.C. §1639(h) and/or (f).

251.    As a result of Defendants' unlawful conduct, Plaintiffs have suffered damage.

252.    By virtue of Defendants', violations of HOEPA, Plaintiffs have a right to rescind the transactions and did rescind, pursuant to 15 U.S.C. Section 1635. Moreover, this Complaint constitutes Plaintiffs' additional notice of rescission of the note and mortgage. Therefore, under 15 U.S.C. Section 1635 and Section 1640 or use Section 1640(a)(1)(3) and (4), Defendants, individually and collectively, are liable to Plaintiffs for: a) rescission of the applicable mortgage loan transaction; b) termination of the mortgage and security interest in the property created under said transaction; c) return of any money or property paid by each Plaintiff to anyone in connection with the transaction; d) twice the finance charge paid or applied in connection with the transaction; e) the right to retain proceeds; and f) actual damages in an amount to be determined at trial, including attorney fees.

## COUNT FIFTEEN
### (Equal Credit Opportunity Act)

253.    Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

254.    12 C.F.R. 202.4(a) and 12 C.F.R. 202.5(a)(2) provide, among other things, that residential lenders are required to collect information for monitoring purposes for credit secured by the applicant's dwelling.

255.    Upon information and belief, Defendants failed to collect the information required by the foregoing statues in order to complete the applications for the loan secured by Plaintiffs' dwellings.

256.   As such, Defendants, individually and collectively committed one or more violations for the foregoing statues, commonly referred to as the Equal Credit Opportunity Act.

257.   Plaintiffs were harmed and continue to be harmed by Defendants' actions because of Defendants' failure to comply with the foregoing regulations governing the issuance of such loans.

258.   Upon information and belief, Defendants' actions were made intentionally and, as such, malicious and with a reckless disregard for the Plaintiffs' rights under these statutes.

259.   As a result of Defendants' unlawful conduct, Plaintiffs have suffered damage.

260.   As such, Plaintiffs are, furthermore, entitled to punitive damages as a remedy for Defendants' reckless actions.

## COUNT SIXTEEN
### (Unfair Business Practices)

261.   Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

262.   Defendants are conducting business in the state of New Jersey and engaged in obtaining, making, and/or facilitating residential real estate loans.

263.   Defendants violated N.J.S.A. 56:8-1 et seq. by engaging in deceptive and unfair business practices including but not limited to the following:

    a.   Failing to comply with the statutory provisions of the Equal Credit Opportunity Act (ECOA), Truth In Lending Act (TILA), and Real Estate Settlement Procedures Act (RESPA), as fully set forth hereinabove;

    b.   Failing to make all legally required disclosures, including but not limited to Plaintiffs not receiving the required disclosures set forth hereinabove;

    c.  Failing to offer other loan products that might be more advantageous for Plaintiffs under the same qualifying matrix;

    d.  Failing to properly and competently underwrite Plaintiffs' loans;

    e.  Failing to exhaust the due diligence foreclosure requirements, and;

    f.  Unlawfully attempting to foreclose on the subject Properties.

264.    Defendants are individually and severally liable to the Plaintiffs for the following, which Plaintiffs demand as relief:

    a.  Voiding or rescinding the entire mortgage loan transaction;

    b.  Terminating or rescinding the mortgage and security interest in the property;

    c.  Returning any and all monies paid by Plaintiffs including all payments made in connection with said mortgage loan transaction; and;

    d.  Payment for actual damages to be determined at trial, including attorneys' fees and costs.

265.    Upon information and belief, Defendants' actions were made intentionally and, as such, malicious and with a reckless disregard for the Plaintiffs' rights under these statutes.

266.    As a result of Defendants' unlawful conduct, Plaintiffs have suffered damage.

267.    As such, Plaintiffs are, furthermore, entitled to punitive damages as a remedy for Defendants' reckless actions.

### COUNT SEVENTEEN
### (Racketeer Influenced and Corrupt Organizations Act)

268.    Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

269.    Plaintiffs are "persons" within the meaning of U.S.C. § 1961(c).

270. Defendants who participated in the unlawful activities referenced above are "persons" within the meaning of U.S.C. § 1961(c).

271. Each of Defendants is an "enterprise" within the meaning of U.S.C. § 1961(3) and U.S.C. § 1962.

272. As part of their scheme to defraud Plaintiffs, Defendants and others participated, directly or indirectly, in the conduct of the affairs of the above identified enterprises for the collection of an unlawful debt and/or engaged in a pattern of racketeering activity in violation of U.S.C. § 1962.

273. Defendants conspired with and aided and abetted one another in violating the provisions of U.S.C. § 1962, in violation of U.S.C. § 1962(d).

274. The "collection of an unlawful debt" engaged in by Defendants included, but was not limited to, violations of statutes relating to: (a) extortionate credit transactions; (b) mail and wire fraud; (c) theft by deception; (d) forgery and/or fraudulent practices; and (e) other state and federal laws and statutes including the FDCPA.

275. The "pattern of racketeering activity" engaged in by Defendants included, but was not limited to, violations of statutes relating to: (a) extortionate credit transactions; (b) mail and wire fraud; (c) theft by deception; (d) forgery and/or fraudulent practices; and (e) other state and federal laws and statutes.

276. As a direct result of Defendants' violations of U.S.C. § 1962, Plaintiffs suffered money damages and loss of property, and will continue to suffer damages within the meaning of U.S.C. § 1964(c).

277.    The damages suffered by Plaintiffs include, but are not limited to, the loss of ownership to and equity in the Subject Property resulting from the fraudulent scheme as described above.

### COUNT EIGHTEEN
### (New Jersey RICO)

278.    Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

279.    This claim is being brought by Plaintiffs pursuant to N.J.S.A. §2C:41-1 et. seq.

280.    N.J.S.A. §2C:41-1 et. seq. authorizes the institution of a civil action for violations of N.J.S.A. §2C:41-2, including the collection of an unlawful debt pursuant to a pattern of racketeering activity [N.J.S.A. §2C:41-2(a)].

281.    As set forth above, Defendants, who are "persons" within the statutory scheme, have engaged in a pattern of corrupt activity in order to seek the collection of an unlawful debt from Plaintiffs.

282.    The conspiracy the subject of this action has existed from 2004 to the present, with the injuries and damages resulting there from being continuing.

283.    Defendants' actions and use of multiple corporate entities, multiple parties, and concerted and predetermined acts and conduct specifically designed to defraud Plaintiffs constitute an "enterprise," with the aim and objective of the enterprise being to perpetrate a fraud upon Plaintiffs through the use of intentional nondisclosure, material misrepresentation, and creation of fraudulent loan documents.

284.    Each of Defendants is an "enterprise" within the statutory scheme.

285.   Defendants have, among other things, engaged in a pattern of racketeering, including criminal conduct that has the same or similar purposes, results, participants or victims or methods of commission or are otherwise interrelated by distinguishing characteristics and are not isolated incidents.

286.   The acts undertaken by Defendants in furtherance of the pattern of racketeering activity included, among other things:

   a.   Recruiting individuals with good credit ratings to participate in real estate transactions through false promises, and using their identities and credit history to obtain financing for real estate transactions with inflated sales prices;

   b.   Submitting false information to lenders regarding income, assets and intent to reside at a property on loan applications in order to obtain financing for these transactions;

   c.   Obtaining and creating fraudulent and inflated real estate appraisals and submitting these appraisals to lenders in order to obtain an amount of financing for transactions that lenders would not have otherwise provided;

   d.   Accepting commissions on mortgage loans which were approved based on fraudulent information and appraisals;

   e.   Falsifying closing documents to disguise the true location and circumstances surrounding the closing of the transactions, and;

   f.   Taking unwarranted proceeds from the mortgage loans on false pretenses.

287.   Defendants received income and proceeds directly from the pattern of racketeering activity.

288.   As a direct and proximate result of the actions of Defendants, Plaintiffs have suffered damages.

289.   As set forth above, Plaintiffs have suffered significant injuries including the loss of their homes, overpayment of fraudulent charges, damages to their credit rating, and foreclosure.

### COUNT NINETEEN
### (Breach of Fiduciary Duties)

290.   Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

291.   Defendants breached their fiduciary duties to Plaintiffs.

292.   Defendants breached their fiduciary duties owed to Plaintiffs in one or more of the following ways, as well as ways mentioned above:

    a.   Defendants did not disclose all of the loan terms to Plaintiffs.

    b.   Defendants did not make sure that Plaintiffs understood all of the loan terms before entering into these transactions.

    c.   Upon information and belief, Defendants placed Plaintiffs into "no document" verification loans, whereby they would be charged interest higher than what they could have qualified for if proper underwriting review occurred.

    d.   Defendants placed Plaintiffs into loans with large mortgage broker compensation, sometimes referred to as "yield spread premiums" so that Defendants could maximize the compensation that they received as a result of these re-finances regardless of the harm to Plaintiffs.

    e.   Defendants otherwise placed their own interests ahead of Plaintiffs' interests.

293.   The acts and omissions aforesaid constitute a breach of their fiduciary duties to Plaintiffs.

294.   As a consequence of Defendants' breach of fiduciary duties, Plaintiffs suffered damages.

## COUNT TWENTY
### (Breach of Contract)

295.  Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

296.  The foregoing conduct of Defendants against Plaintiffs constitutes an actionable breach of contract.

297.  As a consequence of Defendants' breach, Plaintiffs suffered damages.

## COUNT TWENTY ONE
### (Breach of the Covenant of Good Faith and Fair Dealing)

298.  Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

299.  Defendants covenanted to and were required to act in good faith and to act fairly in their dealings with Plaintiffs.

300.  Defendants breached these covenants and requirements.

301.  As a result of these actions, Plaintiffs were harmed.

## COUNT TWENTY TWO
### (Unconscionability)

302.  Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

303.  Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants engaged in unconscionable practices, both procedural and substantively.

304.  Prior to and during the time of the loan transactions, there existed a disparity in bargaining power between Plaintiff borrowers and Defendant lenders. Plaintiffs have limited

understanding and knowledge of the mortgage industry. Defendants, their employees, agents, or servants are sophisticated mortgage lenders, brokers, and agents with advanced training and expertise in the mortgage and finance industry.

305.     Procedurally, Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants intentionally misrepresented, or failed to disclose, material information about the affordability of the monthly payments of the loans, by not providing a good faith estimate in advance of the closing; thereby depriving Plaintiffs of material information of which they were unaware, and depriving Plaintiffs of information that might have reduced the disparity in bargaining power between the parties.

306.     Procedurally, Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants failed to provide Plaintiffs with certain notices of rights to rescind, thereby depriving them of the statutory right to cancel the contract, and also depriving them of a procedure that might have reduced the disparity in bargaining power between the parties.

307.     Procedurally, Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants completed loan applications for, or extended credit to, Plaintiffs on the basis of the value of their homes, rather than on their ability to pay. In doing so, Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants knew from information that they received that Plaintiffs were unlikely to make any mortgage payments. In addition, Defendants failed to obtain sufficient information to determine if Plaintiffs would be able to make these mortgage payments, and qualified Plaintiffs for "no document" loans which were not the appropriate financing vehicle for individuals on fixed or low incomes.

308.    Procedurally, Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants failed to follow underwriting procedures in requiring proof that Plaintiffs would be able to make the monthly payments.

309.    Procedurally, Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants offered Plaintiffs "no document" loans where Plaintiffs' equity in their homes were to be the sole source of proof of their ability to repay the entire loan.

310.    Procedurally, Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants induced Plaintiffs to attend real estate closings without attorneys who could explain to them the true nature and terms of the loan and protect them from the above identified unconscionable practices, and who could have reduced the disparity in bargaining power between the parties.

311.    Procedurally, Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants also prevented Plaintiffs from reviewing and thereby better understanding the loan documents at the closing as they "rushed" the entire process.

312.    Procedurally, Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants misrepresented, or failed to disclose that the mortgage loan transaction contained padded points and fees that were not reasonably related to the actual services rendered. Moreover, Defendants arranged for said points and fees to be paid to themselves and/or their affiliate companies.

313.    Procedurally, Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants engaged in high pressure sales tactics that were designed to, and did, induce Plaintiffs to enter into fraudulent loan transactions.

314.    Given the disparity of bargaining power between the parties and the imbalance in the
understanding of the parties, the above identified procedural unconscionability was intended
to, and did, cause Plaintiffs to have a lack of meaningful choice in connection with the loan
transactions in question.

315.    Substantively, the loan terms provided by Defendants:

    a.    Skimmed off the equity in Plaintiff's homes;

    b.    Provided little or no economic benefit to Plaintiffs;

    c.    Were padded with excessive points and fees that were paid to Defendants and
affiliated third parties, and were not reasonably related to the services rendered;

    d.    Contained base interest rates that were not commensurate with the usual and
customary rates charged for sub-prime loans;

    e.    Qualified Plaintiffs for "no document" loans which they should not have been
offered, and;

    f.    Placed Plaintiffs in jeopardy of losing their homes to the present foreclosure, which
represented the collateral for the loans.

316.    Plaintiffs reasonably relied on Defendants' described unconscionable practices, which
proximately caused them injury.

317.    The above described unconscionable practices render void and unenforceable the
mortgage loan transactions entered into between Plaintiffs and Defendants, their predecessors
in interest and/or assignors.

318.    In addition, Defendants, their predecessors or assignors, individually or by and through
their employees, agents, or servants breached the covenant of good faith and fair dealing
implied in all contracts.

319.   Assignees of the Mortgage are liable for the conduct of the predecessors and/or assignors.

320.   As a result of Defendants' unlawful conduct, Plaintiffs have suffered damage.

## COUNT TWENTY THREE
### (Fraud)

321.   Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

322.   The actions of Defendants constitute common law fraud. The misrepresentations made by Defendants caused Plaintiffs to enter into the mortgage transactions.

323.   Plaintiffs justifiably relied upon these misrepresentations.

324.   Plaintiffs suffered damages as a result of the fraud.

325.   Defendants' fraud(s) in connection with the mortgage transactions entitles Plaintiffs to rescind the transactions.

326.   As a result thereof, Plaintiffs have sustained damages.

## COUNT TWENTY FOUR
### (Negligent and Intentional Misrepresentation)

327.   Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

328.   During the course of the Defendants' dealings with each Plaintiff, Defendants, individually and collectively, entered into a relationship of trust and confidence with each Plaintiff.

329.   Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants made negligent and intentional misrepresentations to each Plaintiff upon which each Plaintiff reasonably relied. Further, Defendants, their predecessors

or assignors, individually or by and through their employees, agents, or servants were
negligent in dealing with Plaintiffs. Defendants' negligence included but was not limited to
the following:

    a.  Failure to advise Plaintiffs that Defendants, individually and collectively, would
        receive substantial fees in connection with their respective transactions;

    b.  Providing Plaintiffs with inaccurate and improper advice as to maximizing the value
        of Plaintiffs' respective properties;

    c.  Failure to fully and completely disclose and explain the history and details of
        Defendants' relationship with all parties to each transaction; and

    d.  Failure to take the utmost and/or reasonable care, caution, and diligence to protect the
        best interests of each Plaintiff.

330.    Throughout the course of Defendants' collective and individual relationship with each
Plaintiff, Defendants acted with the sole motivation of increasing their fees and
compensation and with intentional and malicious disregard for each Plaintiff's best interests.

331.    As a direct and proximate result of Defendants' collective and individual negligence and
negligent misrepresentations, Plaintiffs have suffered damages.

### COUNT TWENTY FIVE
### (Negligent Lending)

332.    Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if
fully restated herein.

333.    Defendants, their predecessors or assignors, individually or by and through their
employees, agents, or servants engaged in negligent lending. Defendants had a duty to use

reasonable care when dealing with Plaintiffs during the mortgage transaction and they breached this duty by failing to:

    a.  Inform Plaintiffs of the nature and terms of these transactions;

    b.  Arrange for and obtain mortgage loans that Plaintiffs could afford based on their income;

    c.  Reasonably investigate Plaintiffs' financial circumstances;

    d.  Deny the application for credit when it was unsupported by any income;

    e.  Offer more than one refinance package or an alternative refinance vehicle for which Plaintiffs were qualified, such as a reverse mortgage, and;

    f.  Comply with all state and federal laws.

334.    Defendants were negligent in that they carelessly and recklessly initiating arranged and consummated said mortgages.

335.    Through misrepresentations and omissions of material information, Defendants negligently induced Plaintiffs to enter into these mortgage transactions which have culminated in the present foreclosures.

336.    Defendants negligently induced Plaintiffs to enter into these mortgage transactions based upon the value of their homes rather than their ability to pay.

337.    It was foreseeable to Defendants that Plaintiffs would be unable to make the monthly payments on these loans.

338.    Plaintiffs suffered serious injury as the proximate result of the negligence committed by the Defendant mortgage lenders.

## COUNT TWENTY SIX
### (Negligent Infliction of Emotional Distress)

339.   Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

340.   During the course of Defendants' collective and individual dealings with each Plaintiff, Defendants, individually and collectively, negligently and/or intentionally, by its acts and/or omissions, made material misrepresentations of fact, and were negligent in a number of instances, including but not limited to, stating that Plaintiffs were obligated to pay amounts that were improperly or illegally accessed.

341.   As a result of Defendants' unlawful conduct, Plaintiffs have suffered damages.

## COUNT TWENTY SEVEN
### (Rescission)

342.   Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

343.   The above-described mortgage contracts are invalid, and otherwise voidable.

344.   The Mortgage contracts and Notes entered into between Plaintiffs and Defendants, their successors and/or assignees are invalid.

345.   Defendants, their successors and/or assignors failed to obtain the legitimate, meaningful consent of Plaintiffs to enter into such a contract.

346.   Alternatively or in addition, the terms of the contracts do not reflect a bargained-for exchange.

347.   As a result of Defendants' unlawful conduct, Plaintiffs have suffered damage.

## COUNT TWENTY EIGHT
### (Reformation)

348.   Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

349.   Defendants committed fraud against Plaintiffs.

350.   Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants intentionally misrepresented to Plaintiffs that and Defendants would only make a loan that Plaintiffs could afford to pay. Defendants failed to disclose the terms and conditions for repayment, interest, and annual percentage rate prior to obtaining Plaintiffs' signatures upon the deeds of trust. Plaintiffs was not informed at any time what the terms and conditions were contained in the loan produced by Defendants.

351.   The loan documents executed by Defendants did not truly express the intention of Plaintiffs because it lacked repayment schedules Plaintiffs could afford.

352.   Utilization of any reasonable underwriting guidelines would have revealed that Plaintiffs were incapable of repaying the loans in as much as the initial payments. Whereas at the time Plaintiffs acquired the loan, Plaintiffs' liabilities exceeded their assets, making them unable to meet the terms of the loan agreement.

353.   Payments on the loans exceeded Plaintiffs' available income. Defendants not take into account Plaintiffs' other already existing liabilities. Plaintiffs' already existing liabilities included other properties and mortgage payments that altered Plaintiffs' available income to below that of the loan payments. Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants did not disclose to Plaintiffs the terms and conditions of the repayment and executed documents without any explanation whatsoever.

354.    Defendants were aware of Plaintiffs' financial situation and inability to pay.

355.    Defendants had a superior bargaining power or position over Plaintiffs and Plaintiffs
were relegated only the opportunity to adhere to the contract or reject it. Defendants drafted
all the documents related to the loans, no negotiations were possible between Plaintiffs and
Defendants, and the contracts were contracts of adhesion.

356.    The loans were unconscionable in that the repayment terms were unfair and unduly
oppressive because the payments did not take into account Plaintiffs' liabilities. Thus,
Defendants cannot enforce the terms and conditions of the loan against Plaintiffs and any
non-judicial foreclosure or attempts at such are void.

357.    Upon information and belief, Defendants entered into a fraudulent scheme, the purpose of
which was to make loans to Plaintiffs, which Defendants were keenly aware that Plaintiffs
could not afford for the cost was far above the then prevailing market rate, such a scheme
was devised to extract illegal and undisclosed compensation from Plaintiffs by virtue of an
undisclosed yield spread premium.

358.    As a result of Defendants' unlawful conduct, Plaintiffs have suffered damage.

## COUNT TWENTY NINE
### (Equitable Estoppel)

359.    Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if
fully restated herein.

360.    Defendants made misrepresentations about the true interest rates and terms of these loans.

361.    Defendants concealed material facts to Plaintiffs about the terms of these loans.

362.    Said acts or omissions by Defendants were done with the intention or expectation that
Plaintiffs would act or rely upon the same.

363.   Plaintiffs reasonably and justifiably relied upon the misrepresentation(s) or
concealment(s) to their detriment.

364.   As a result of Defendants' unlawful conduct, Plaintiffs have suffered damage.

## COUNT THIRTY
### (Quiet Title)

365.   Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if
fully restated herein.

366.   Defendants, their predecessors or assignors, individually or by and through their
employees, agents, or servants made false representations to Plaintiffs in order to fund loans,
in which Plaintiffs' personal residences were to be security therefore.

367.   Defendants, their predecessors or assignors, individually or by and through their
employees, agents, or servants made certain representations regarding their honesty, that they
were experts in obtaining loans which borrowers could afford and that they would only offer
Plaintiffs loans which were in their best interest given their credit history and financial needs
and limitations.

368.   Further, Plaintiffs were reassured that they could trust the representations of Defendants.
Based on the representations made by Defendants, Plaintiffs reasonably reposed their trust in
Defendants' representations and disclosed their private financial information to Defendants
in order that Defendants could find loans which were in the best interest of Plaintiffs.

369.   More particularly, Defendants represented that they would not make loans to Plaintiffs
unless they could afford the loans and that they would not make the loans unless and until
Plaintiffs passed the underwriting guidelines of the lender, which further assured that the

loans were being offered to Plaintiffs in their best interest and within their financial needs and limitations.

370.   The loans contained excessive financing and were approved to allow closing costs to be financed; Defendants failed to utilize adequate due diligence regarding Plaintiffs' ability to repay the loan; Defendants, as part of their continuing scheme, intentionally placed Plaintiffs in sub-prime loans to the benefit of Defendants with excessively high interest rates; Defendants failed to provide Plaintiffs mandated disclosures and Defendants repeatedly employed coercive tactics in order to force Plaintiffs to sign the loan documents.

371.   Due to the fraud of Defendants the titles to the subject properties have been rendered unmarketable in that Defendants have caused to be recorded as against subject property documents which have clouded Plaintiffs' titles thereto.

372.   Plaintiffs seek an order of the court quieting title to the subject property.

## COUNT THIRTY ONE
### (Unjust Enrichment)

373.   Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

374.   Defendants have conducted their business in a manner that is unconscionable and their misrepresentations of material facts concerning the terms and conditions of the subject loans, property, and submissions of fraudulent facts concerning the loans have resulted in unjust enrichment to the Defendants.

375.   At all relevant times, Defendants also utilized amounts known to them to be inaccurate to determine the loan amounts allegedly due and owning for the purposes of foreclosure.

376.    Defendants cannot retain the benefit from their actions in violation of the foregoing statutes and the resultant damage caused to the Plaintiffs.

377.    Defendants shall be unjustly enriched at Plaintiffs' expense if the Court does not intervene to prevent the foreclosure action(s) currently contemplated by the Defendants.

378.    Defendants have been furthermore enriched through the receipt of payment from Plaintiffs for services improperly and illegally rendered.

379.    Plaintiffs, therefore, demand restitution from Defendants in the form of actual damages, exemplary damages, attorney fees, costs, and other such damages as determined by the Court in order to compensate Plaintiffs for the unjust enrichment that Defendants have enjoyed.

### COUNT THIRTY TWO
### (Civil Conspiracy)

380.    Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

381.    In connection with the applications for, and consummation of, and the collection and servicing of the respective mortgages and loans made with Plaintiffs, Defendants, their predecessors or assignors, individually or by and through their employees, agents, or servants, acted with malice, ill will and reckless indifference toward Plaintiffs in concert with each other via a joint venture or conspiracy for the common purpose of accruing economic gains for themselves at the expense and detriment of Plaintiffs.

382.    Plaintiffs were in fact injured as a direct and proximate result of this malicious combination, which, inter alia, committed acts of fraud and breach of fiduciary obligation. As a result, Plaintiffs are entitled to an award of actual, compensatory, and punitive damages in an amount to be proven at trial against Defendants, individually and collectively.

## COUNT THIRTY THREE
### (Injunctive and Declaratory and Specific Performances)

383.    Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as if
        fully restated herein.

384.    Plaintiffs are entitled to injunctive relief due at a minimum to the reasons listed below:

   a.   Defendants failed to provide evidence to Plaintiffs that they are the holders of the
        original note and mortgage;

   b.   Defendants committed actual fraud against Plaintiffs and thereafter wrongfully
        foreclosed on Plaintiffs property;

   c.   Defendants violated the Truth in Lending Act;

   d.   Defendants violated the Real State Settlement and Procedures Act;

   e.   Defendants do not and did not have standing or enforceable rights to enforce the note
        nor any incidental right to collateral as to foreclose on Plaintiffs' residences,
        including without limitation, conducting a trustee's sale relative to those properties.

   f.   Defendants have foreclosed upon Plaintiff's residences conducting a trustee's sale or
        causing a trustee's sale to be conducted otherwise;

   g.   Such actions have resulted and has caused pecuniary compensation which will not
        afford adequate relief because Plaintiffs' residences are unique;

385.    Injunctive relief is necessary to enjoin Defendants from proceeding with any
        foreclosures, changes in title, and sale of title and/or property upon Plaintiffs' residences
        since they lack standing and any enforceable rights under the promissory note.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

   a.   Compensatory damages;

b.  Actual and statutory damages;

c.  General damages;

d.  Treble damages;

e.  Punitive and exemplary damages;

f.  Reasonable attorney's fees;

g.  Legal costs and cost of suit;

h.  An Order voiding or rescinding the entire mortgage loan transactions and granting Plaintiffs' claim of recoupment and/or setoff, including equitable relief seeking the satisfaction, or reformation of the mortgage transaction as appropriate;

i.  An Order terminating or rescinding the mortgage and security interest in the Property;

j.  An Order returning any and all money paid by Plaintiffs to Defendants and/or Defendants agents;

k.  An order to cease and desist any foreclosure action against the defendants;

l.  Declaration that the mortgage is void and unenforceable;

m.  Declaration that the security interest in Plaintiff's property is void;

n.  Payment of Plaintiffs' actual damages; and

o.  Special damages;

p.  Lawful Interest.

q.  Return of all sums paid to Defendants in connection with the transactions to be returned;

r.  Award of restitution of the value conferred upon Defendants;

s.  Such other relief as the court deems just and equitable.

DATED: March 14, 2010

BY: s:/feng li/

_____

Feng Li, Esq.
Attorney for Plaintiffs


## JURY DEMAND

Please take notice that Plaintiffs herein demands a trial by jury on all issues presented herein.

BY: s:/feng li/

_____

Feng Li, Esq.
Attorney for Plaintiffs

DATED: March 14, 2010


## DESIGNATION OF TRIAL COUNSEL

Feng Li, Esq. is designated as trial counsel in this matter.

BY: s:/feng li/

_____

Feng Li, Esq.
Attorney for Plaintiffs

DATED: March 14, 2010


## CERTIFICATION

I hereby certify that to the best of my information and belief the matter in controversy is not the subject of any other action pending in any Court of a pending Arbitration proceeding and none are contemplated herein between these individual plaintiffs and the defendants.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false that I am subject to punishment.

BY:  s:/feng li/

Feng Li, Esq.
Attorney for Plaintiffs

DATED: March 14, 2010

# EXHIBIT A

1. Plaintiff(s) VICTOR & NILDA ALMAZAN is an individual(s) who resides at 8 DANA ESTATE DRIVE, PARLIN, NEW JERSEY 08859.

2. Plaintiff(s) HASSEB & CHERYL BAKSH is an individual(s) who resides at 271 WEST ENGLEWOOD DRIVE, ENGLEWOOD, NEW JERSEY 07631.

3. Plaintiff(s) OFELIA & ALEX BALDERAMA is an individual(s) who resides at 819 BERKELYE STREET, NEW MILFORD, NEW JERSEY 07646.

4. Plaintiff(s) ALFONSO & WINEFREDA BAUTISTA is an individual(s) who resides at 56 SHERWOOD ROAD, DUMONT, NEW JERSEY 07628.

5. Plaintiff(s) JOHN & BARBARA CERCIELLO is an individual(s) who resides at 508 STEINWAY ROAD, SADDLE BROOK, NEW JERSEY 07663.

6. Plaintiff(s) CIRO & FRANCA CONTI is an individual(s) who resides at 237 HARRIZON AVENUE, GARFIELD, NEW JERSEY 07026.

7. Plaintiff(s) GUILLERMO CORREA is an individual(s) who resides at 432 20TH AVENUE, PATERSON, NEW JERSEY 07513.

8. Plaintiff(s) JOSEPH & VIVIAN CORROLLO is an individual(s) who resides at 26 HIGHLAND DRIVE, KINNELON, NEW JERSEY 07405.

9. Plaintiff(s) ROMEO & EMELITA CORTEZ is an individual(s) who resides at 3 CROSSGATE ROAD, JERSEY CITY, NEW JERSEY 07305.

10. Plaintiff(s) ASTRO DE ROMA is an individual(s) who resides at 138 BELMONT AVENUE, BELLEVILLE, NEW JERSEY 07109.

11. Plaintiff(s) JAIME & MARIA DUNGAO is an individual(s) who resides at 281 GALVAN PLACE, BERGENFIELD, NEW JERSEY 07621.

12. Plaintiff(s) NAOMI & NAZARIO FABIOSA is an individual(s) who resides at 14 MILLER STREET, JERSEY CITY, NEW JERSEY 07304.

13. Plaintiff(s) CLAUDIO & ELVIRA FLORES and JESUS & LIGAYA FLORES is an individual(s) who resides at 87 MCKINLEY AVENUE, DUMONT, NEW JERSEY 07628.

14. Plaintiff(s) LETICIA GAVIRA is an individual(s) who resides at 12 GILES AVENUE, JERSEY CITY, NEW JERSEY 07306.

15. Plaintiff(s) JESSE & EVANGELINE GREGORIO is an individual(s) who resides at 291 MERRIT AVENUE, BERGENFIELD, NEW JERSEY 07621.

16. Plaintiff(s) HIRAK K. & HIMADRI GUHA is an individual(s) who resides at 151 SAND HILL ROAD, J MONMOUTH JUNCTION, NEW JERSEY 08852.

17. Plaintiff(s) ELY & ROSITA GUY is an individual(s) who resides at 36 MOUNT PROSPECT AVENUE, BELLEVILLE, NEW JERSEY 07109.

18. Plaintiff(s) JOEPET & PEPITO GUY is an individual(s) who resides at 168 CEDAR HILL AVENUE, BELVILLE, NEW JERSEY 07109.

19. Plaintiff(s) FAHIMA & FARID HAKIMI is an individual(s) who resides at 13 ASHWOOD PLACE, PARSIPANNY, NEW JERSEY 07054.

20. Plaintiff(s) WILLIE ISAAC and ROBERT & VERONICA WHITE is an individual(s) who resides at 6 TAISLEY DRIVE, BURLINGTON, NEW JERSEY 08016.

21. Plaintiff(s) PEDRO & MIGUELINA LOPEZ is an individual(s) who resides at 168 FENSACK AVENUE, ELMWOOD, NEW JERSEY 07407.

22. Plaintiff(s) ENRIQUE & ROSA MAGBAG is an individual(s) who resides at 115 POPLAR STREET, RIDGEFIELD, NEW JERSEY 07660.

23. Plaintiff(s) MARIA VIRGINIA MAGBAG is an individual(s) who resides at 281 MORNINGSIDE TERRACE, TEANECK, NEW JERSEY 07666.

24. Plaintiff(s) MERCIDITA S. MARASIGAN is an individual(s) who resides at 50 SILVER LAKE AVENUE, EDISON, NEW JERSEY 08817.

25. Plaintiff(s) NICHETTE MEUSA is an individual(s) who resides at 450 4TH AVENUE WEST, NEWARK, NEW JERSEY 07107.

26. Plaintiff(s) JUAN MUNOZ is an individual(s) who resides at 290 EGE AVENUE, JERSEY CITY, NEW JERSEY 07305.

27. Plaintiff(s) FLORA & MANUELITO PABLO, SANDY YANG, and APRIL BLANCO is an individual(s) who resides at 43 ORCHARD AVENUE, RIDGEFIELD PARK, NEW JERSEY 07660.

28. Plaintiff(s) FLORA & MANUELITO PABLO is an individual(s) who resides at 43 ORCHARD AVENUE, RIDGEFIELD PARK, NEW JERSEY 07660.

29. Plaintiff(s) LIEZEL ROBLES & JESSEE QUIAMBAO is an individual(s) who resides at 500 PARKER STREET, HACKENSACK, NEW JERSEY 07601.

30. Plaintiff(s) NARDO & MARIA SABATE is an individual(s) who resides at 304 DIVISION AVENUE, BELLEVILLE, NEW JERSEY 07109.

31. Plaintiff(s) RAMON SALVADOR & MARLYN G. ESCLAMADA is an individual(s) who resides at 19 MERRIT AVENUE, BERGENFIELD, NEW JERSEY 07621.

32. Plaintiff(s) CAROLA & MARINO SANCHEZ is an individual(s) who resides at 67 5TH AVENUE, CLIFTON, NEW JERSEY 07011.

33. Plaintiff(s) EMMER & ALOHA SANCHEZ is an individual(s) who resides at 67 EAST 1ST STREET, CLIFTON, NEW JERSEY 07011.

34. Plaintiff(s) JUAN & SANDRA SANCHEZ is an individual(s) who resides at 115 ARLINGTON AVENUE, CLIFTON, NEW JERSEY 07011.

35. Plaintiff(s) VIRGILIO SESE is an individual(s) who resides at 90 SEAVIEW AVENUE, JERSEY CITY, NEW JERSEY 07305.

36. Plaintiff(s) DAWN SMITH is an individual(s) who resides at 103 SPRUCE STREET, BLOOMFIELD, NEW JERSEY 07003.

37. Plaintiff(s) ANTONIO & LUZ BLANCO VILLAMIEL is an individual(s) who resides at 23 SUSSEX STREET, BERGENFIELD, NEW JERSEY 07621.

38. Plaintiff(s) SPLENDIN & ADISHA ZIBA is an individual(s) who resides at 11 VINCENT STREET, WAYNE, NEW JERSEY 07470.

39. Plaintiff(s) ROSALINDA AULETTA is an individual(s) who resides at 94B SUBURBAN DRIVE, JERSEY CITY, NEW JERSEY 07305.

40. Plaintiff(s) WASHINGTON ABANTO is an individual(s) who resides at 135 ROOSEVELT AVENUE, JERSEY CITY, NEW JERSEY.

41. Plaintiff(s) MARKISHA ARMSTRONG is an individual(s) who resides at 222 8TH AVENUE, PATERSON, NEW JERSEY.

42. Plaintiff(s)WALTER VEGA AND NORA VEGA is an individual(s) who resides at 264 PATERSON AVENUE, PATERSON, NJ 07502.

43. Plaintiff(s) CARLOS CANCIO is an individual(s) who resides at 178 MCADOO AVENUE, JERSEY CITY, NEW JERSEY 07305.

44. Plaintiff(s) JASON and JOANE COOLACK is an individual(s) who resides at 57 CONEY ROAD, LITTLE FALLS, NEW JERSEY.

45. Plaintiff(s) REMI CONSOLI is an individual(s) who resides at 268 WHITEMAN STREET, FORT LEE, NEW JERSEY.

46. Plaintiff(s) ARNEL MATIAS is an individual(s) who resides at 268 WHITEMAN STREET, FORT LEE, NEW JERSEY.

47. Plaintiff(s) DENISE and JAMES CARROLL is an individual(s) who resides at 110 DAVIS ROAD, FRANKLIN, NEW JERSEY.

48. Plaintiff(s) RAMON and RODORA CARTASANO is an individual who resides at 28 SUNSET AVENUE, NORTH ARLINGTON, NEW JERSEY.

49. Plaintiff(s) VICTOR and SHIRLEY CELI is an individual(s) who resides at 190 BROUGHTON AVENUE, BLOOMFIELD, NEW JERSEY 07003.

50. Plaintiff(s) EDUARDO CABRERA is an individual(s) who resides at 50 WALNUT STREET, BLOOMFIELD, NEW JERSEY 07003.

51. Plaintiff(s) ROBT. and ALBA CAREY is an individual(s) who resides at 21 ST. JAMES PLACE, KEANSBURG, NEW JERSEY 07734.

52. Plaintiff(s) JOSEPH and VIVIAN CAROLLO is an individual(s) who resides at 26 HIGHLANDS DRIVE, KINNELON, NEW JERSEY 07405.

53. Plaintiff(s) ALBAN and NIKA CORBETT is an individual(s) who resides at 91 NORTHAMPTON DRIVE, WILLINBORO, NEW JERSEY 08046.

54. Plaintiff(s) NILDA CRUZ is an individual(s) who resides at 38 BIRCH STREET, JERSEY CITY, NEW JERSEY 07305.

55. Plaintiff(s) ARILIS DURAN is an individual(s) who resides at 11 MEMPHIS AVENUE, NUTLEY, NEW JERSEY 07110.

56. Plaintiff(s) CENON and LORY ESTEFA is an individual(s) who resides at 804 PARK AVENUE, ELIZABETH, NEW JERSEY 07208.

57. Plaintiff(s) RUDOLPH ESTWICK is an individual(s) who resides at 94 EASTERN PARKWAY, HILLSIDE, NEW JERSEY 07205.

58. Plaintiff(s) NAOMI FABRIOSA is an individual(s) who resides at 14 MILLER STREET, JERSEY CITY, NEW JERSEY 07304.

59. Plaintiff(s) MARIA GERALDEZ is an individual(s) who resides at 819 FALLER DRIVE, NEW MILFORD, NEW JERSEY.

60. Plaintiff(s) HARRYS MALLARI is an individual(s) who resides at 819 FALLER DRIVE, NEW MILFORD, NEW JERSEY.

61. Plaintiff(s) MARIA GUTIEREZ is an individual(s) who resides at 3 MOUNTAIN AVENUE, SUMMIT, NEW JERSEY.

62. Plaintiff(s) JAY and RONALYN GEMINO is an individual(s) who resides at 16 STEVENS ROAD, BELLEVILLE, NEW JERSEY 07109.

63. Plaintiff(s) JUAN CARLOS GIRALDO is an individual(s) who resides at 44 MEMPHIS AVENUE, BELLEVILLE, NEW JERSEY 07109.

64. Plaintiff(s) RUEL and MARIENE ISIP is an individual(s) who resides at 40 FAIRVIEW AVENUE, BOGOTA, NEW JERSEY 07603.

65. Plaintiff(s) BARAT JAN is an individual(s) who resides at 654 LIBERTY STRET, BOONTON, NEW JERSEY.

66. Plaintiff(s) NASIME JAN is an individual(s) who resides at 688 BOONTON AVENUE, BOONTON, NEW JERSEY.

67. Plaintiff(s) MICHAEL and SANDRA JOYNER is an individual(s) who resides at 106 FAIRVIEW AVENUE, PROSPECT PARK, NEW JERSEY.

68. Plaintiff(s) GARAN and MORAD KATIB is an individual(s) who resides at 246 FRENCH HILL ROAD, WAYNE, NEW JERSEY 07470.

69. Plaintiff(s) CHRISTIAN and BERNADETTE LELINA is an individual(s) who resides at 104 ARTHUR STREET, RIDGEFIELD PARK, NEW JERSEY 07660.

70. Plaintiff(s) MARILOU LELINA is an individual(s) who resides at 175 EAST HENRY PLACE, ISLIN, NEW JERSEY 08830.

71. Plaintiff(s) LAWRENCE MARTINEZ is an individual(s) who resides at 523 PROSPECT AVENUE, DUMONT, NEW JERSEY 07628.

72. Plaintiff(s) NORMAN and ROSE LAPINIG is an individual(s) who resides at 187 HIGHLAND AVENUE, BERGENFIELD, NEW JERSEY 07621.

73. Plaintiff(s) LEE CHUNG is an individual(s) who resides at 51 CONGRESSIONAL PARKWAY, LIVINGSTON, NEW JERSEY.

74. Plaintiff(s) MOBEEN MORTUZA is an individual(s) who resides at 19 WAYNE STREET, JERSEY CITY, NEW JERSEY.

75. Plaintiff(s) AMALIA MAGAT is an individual(s) who resides at 110 STRATFORD ROAD, DUMONT, NEW JERSEY 07628.

76. Plaintiff(s) RUBEN and SANDRA MERIDA is an individual(s) who resides at 643 ALLWOD ROAD, CLIFTON, NEW JERSEY 07012.

77. Plaintiff(s) QUIMBAO and ROSE MALUDI is an individual(s) who resides at 179 NEW MILDORD AVENUE, DUMONT, NEW JERSEY 07628.

78. Plaintiff(s) MAXIMO and SUZETTE NAPULI is an individual(s) who resides at 40 SCARSDALE DRIVE, LIVINGSTON, NEW JERSEY.

79. Plaintiff(s) VICTOR and REBECCA NAPANAS is an individual(s) who resides at 56 BOGERT STREET, TOTOWA, NEW JERSEY.

80. Plaintiff(s) KENNETH O'DONNELL is an individual(s) who resides at 119 ROUTE 23 NORTH, HAMBERG, NEW JERSEY 07419.

81. Plaintiff(s) BARBARA and TADEYSZ OZAROWSKI is an individual(s) who resides at 110 WEST 4TH STREET, CLIFTON, NEW JERSEY 07011.

82. Plaintiff(s) CORAZON and JOSEPH PRING is an individual(s) who resides at 110 SYCAMORE STREET CARTERET, NEW JERSEY 07008.

83. Plaintiff(s) ROSA REYNOSO is an individual(s) who resides at 99 NORTH 19TH STREET, EAST ORANGE, NEW JERSEY 07017.

84. Plaintiff(s) PABLO ROSA is an individual(s) who resides at 232 WARREN STREET, PATERSON, NEW JERSEY 07524.

85. Plaintiff(s) PABLO ROSA is an individual(s) who resides at 379 9th AVENUE, PATERSON, NEW JERSEY.

86. Plaintiff(s) GRACE and MATEO REYES is an individual(s) who resides at 28 LARK LANE, OAK RIDGE, NEW JERSEY 07438.

87. Plaintiff(s) ANGEL and IRENE SALAZAR is an individual(s) who resides at 53 SAYERVILLE BOULEVARD, SAYREVILLE, NEW JERSEY 08872.

88. Plaintiff(s) JERALYN and RAYMOND AND ZENAIDA AND SALVIO SO is an individual(s) who resides at 25 COLE HAVEN TERRACE, MONTAGUE, NEW JERSEY 08727.

89. Plaintiff(s) JASMINE SALVADOR is an individual(s) who resides at 146 PAGE
AVENUE, LYNDHURST, NEW JERSEY 07071.

90. Plaintiff(s) LUIS A. SUAZO is an individual(s) who resides at 12 CROWN STREET,
BLOOMFIELD, NEW JERSEY 07003.

91. Plaintiff(s) ALEX SUAZO is an individual(s) who resides at 153 ORANGE STREET,
BLOOMFIELD, NEW JERSEY 07003.

92. Plaintiff(s) MOHAMMED SHAMSUDDIN is an individual(s) who resides at 615
SPRUCE STREET, BOONTON, NEW JERSEY.

93. Plaintiff(s) MARIA CUARESMA is an individual(s) who resides at 306 DIVISION
AVENUE, BELLEVILLE, NEW JERSEY 07109.

94. Plaintiff(s) MARK BALAGTAS is an individual(s) who resides at 306 DIVISION
AVENUE, BELLEVILLE, NEW JERSEY 07109.

95. Plaintiff(s) MARIA SAYSON is an individual(s) who resides at 66 PASSAIC AVENUE,
NUTLEY, NEW JERSEY 07110.

96. Plaintiff(s) MARK BALAGTAS is an individual(s) who resides at 66 PASSAIC
AVENUE, NUTLEY, NEW JERSEY 07110.

97. Plaintiff(s) CHRISTINA BALAGTAS CURESMA is an individual(s) who resides at 16
MEMPHIS AVENUE, NUTLEY, NEW JERSEY 07110.

98. Plaintiff(s) MARIA SAYSON is an individual(s) who resides at 16 MEMPHIS
AVENUE, NUTLEY, NEW JERSEY 07110.

99. Plaintiff(s) MARIA CUARESMA is an individual(s) who resides at 16 MEMPHIS
AVENUE, NUTLEY, NEW JERSEY 07110.

100.     Plaintiff(s) MARIE SAYSON is an individual(s) who resides at 379-381 STEPHENS STREET, BELLEVILLE, NEW JERSEY 07109.

101.     Plaintiff(s) JOHN SAYSON is an individual(s) who resides at 379-381 STEPHENS STREET, BELLEVILLE, NEW JERSEY 07109.

102.     Plaintiff(s) LOVELYN TAN is an individual(s) who resides at 11 HEATHER LANE, ROSELLE, NEW JERSEY 07203.

103.     Plaintiff(s) CECILIO TAN is an individual(s) who resides at 11 HEATHER LANE, ROSELLE, NEW JERSEY 07203.

104.     Plaintiff(s) ALDO and CARRIE TURELLI is an individual(s) who resides at 9 WANDA AVENUE, WAYNE, NEW JERSEY 07470.

105.     Plaintiff(s) SHIRLEY THENSTEAD is an individual(s) who resides at 17 BERKSHIRE PLACE, IRVINGTON, NEW JERSEY 07111.

106.     Plaintiff(s) TAYLOR AND MELISSA BATCHU is an individual(s) who resides at 15 SUNNYSIDE ROAD, WEST ORANGE, NEW JERSEY 07052.

107.     Plaintiff(s) MARINO TORES is an individual(s) who resides at 424 FRANKLIN STREET, ELIZABETHPORT, NEW JERSEY 07206.

108.     Plaintiff(s) ALAN and RICO VIRAY is an individual(s) who resides at 16 SOUTH PAILA DRIVE, BERGENFIELD, NEW JERSEY.

109.     Plaintiff(s) PURITA and BENEW JERSEYAMINE VILLANUEVA is an individual(s) who resides at 240 BALDWIN AVENUE, JERSEY CITY, NEW JERSEY 07306.

110.     Plaintiff(s) DELROY WELSH is an individual(s) who resides at 453 N. GROVE STREET, EAST ORANGE, NEW JERSEY 07017.

111.    Plaintiff(s) Jose and Dorcas Palicas is an individual(s) who resides at 12-33 ORCHARD STREET, FAIRLAWN, NEW JERSEY 07410.

112.    Plaintiff(s) LORNA ROSEN/FE MARTINEZ is an individual(s) who resides at 5 TROON DRIVE, FREDON, NEW JERSEY 07860.

113.    Plaintiff(s) AGNES DIMATULAC is an individual(s) who resides at 6 HENRY STREET, MOONACHIE, NEW JERSEY 07074.

114.    Plaintiff(s) THOMAS VILLANUEVA is an individual(s) who resides at 277 MILFORD AVENUE, NEW MILFORD, NEW JERSEY 07646.

115.    Plaintiff(s) DEOGRACIAS MENDOZA is an individual(s) who resides at 41 CRYSTAL SPRINGS ROAD, HARDYSTON NEW JERSEY 07419.

116.    Plaintiff(s) FE MARTINEZ/LORNA ROSEN is an individual(s) who resides at 201 ST. PAUL AVENUE, JERSEY CITY, NEW JERSEY 07306.

117.    Plaintiff(s) AURELIA CUAYCONG/FE MARTINEZ is an individual(s) who resides at 110 HAUXHAUST AVENUE, WEEHAWKEEN, NEW JERSEY 07286.

118.    Plaintiff(s) YI XIN LI AND QI XIAN LI is an individual(s) who resides at 53 DORTMUNDER DRIVE, ENGLISHTOWN NEW JERSEY 07726.

119.    Plaintiff(s) JOSEPH VIVIAN COROLLO is an individual(s) who resides at 26 HIGHLANDS DRIVE, KINNELON NEW JERSEY 07405.

120.    Plaintiff(s) VICTOR AND REBECCA NAPENAS is an individual(s) who resides at 14 SPRUCE LANE, PISCATAWAY NEW JERSEY 08854.

121.    Plaintiff(s) YOUNG LEE is an individual(s) who resides at WANDA DRIVE WAYNE NEW JERSEY 07470.

122.     Plaintiff(s) ERICO SANTIAGO AND CHONA JERESO SANTIAGO is an individual(s) who resides at 73 NORTH TAYLOR ROAD, BERGENFIELD NEW JERSEY 07621.

123.     Plaintiff(s) ERNESTO DAVID AND RESSURRECCTION DAVID is an individual(s) who resides at 15 DELAWARE AVENUE, ROCKAWAY NEW JERSEY.

124.     Plaintiff(s) JULIO AND MARIA YELA is an individual(s) who resides at 23 EAGLE NORTH DRIVE, ENGLEWOOD, NEW JERSEY 07631.

125.     Plaintiff(s) HARTON STEPHENSON is an individual(s) who resides at 322 EAST 32ND STREET, PATERSON NEW JERSEY 07504.

126.     Plaintiff(s) UPENDRA MEHTA is an individual(s) who resides at 22 SKILLMAN AVENUE, JERSEY CITY NEW JERSEY 07306.

127.     Plaintiff(s) SUSAN GREENBOWICH is an individual(s) who resides at 22 West Street, Elmwood Park NEW JERSEY 07407.

128.     Plaintiff(s) MARGARET GREENBOWICH is an individual(s) who resides at 190 COLONIAL AVENUE, SADDLE BROOK NEW JERSEY 07663.

129.     Plaintiff(s) TERESITA AND JHUN KABIGTING is an individual(s) who resides at 93 WOODCLIFF LAKE, WOODCLIFF, NEW JERSEY 07677.

130.     Plaintiff(s) ELEONOR AND REYNADLO ATIENZA is an individual(s) who resides at 13 CALIFON DRIVE, COLONIA, NEW JERSEY 07067.

131.     Plaintiff(s) HEE SOOK KIM is an individual(s) who resides at 180 DURIE AVENUE, CLOSTER NEW JERSEY 07624.

132.     Plaintiff(s) YVONNE STEPHENSON is an individual(s) who resides at 131-135 FLORIDA AVENUE, PATERSON NEW JERSEY 07503.

133.     Plaintiff(s) JUAN MUNOZ is an individual(s) who resides at 290 EGE AVE. JERSEY CITY, NEW JERSEY 07305.

134.     Plaintiff(s) SHARON & PHILIP AVELLA is an individual(s) who resides at 5 LINDEN LANE,  WAYNE, NEW JERSEY 07470.

135.     Plaintiff(s) CESAR & MILDRED ESTACIO is an individual(s) who resides at 78 RIDGE RD., NORTH HALEDON, NEW JERSEY 07508.

136.     Plaintiff(s) CESAR & MILDRED ESTACIO is an individual(s) who resides at 78 RIDGE ROAD, NORTH HALEDON, NJ 07508.

137.     Plaintiff(s) JASMIN AQUINO is an individual(s) who resides at 146 PAGE AVE., LYNDHURST, NEW JERSEY 07071.

138.     Plaintiff(s)  GLORIA MANUEL & ALFREDO CARREON is an individual(s) who resides at 249 NORTH  HALEDON, NORTH HALEDON, NEW JERSEY 07508.

139.     Plaintiff(s) WILLIAM & CAROLYN EGAN is an individual(s) who resides at 5 PORTSIDE RD., HOPATCONG, NEW JERSEY 07843.

140.     Plaintiff(s) ALEXANDER EGAN is an individual(s) who resides at 916 MAPLE AVE., STILLWATER, NEW JERSEY 07860.

141.     Plaintiff(s) CEDIONESTO & CARMENCITA TIROL is an individual(s) who resides at 134 WOODLAND AVE., LITTLE FERRY, NEW JERSEY 07643.

142.     Plaintiff(s) TERASITA & ANTONIO DEGUZMAN is an individual(s) who resides at 4126 MAIDEN CT. FL 34772.

143.     Plaintiff(s) RAYMOND & RODORA CATASANO is an individual(s) who resides at 28 SUNSET AVE., NORTH ARLINGTON, NEW JERSEY 07031.

144.     Plaintiff(s) MIKE & ARCELI BALINGIT is an individual(s) who resides at 118
CAMERON RD., BERGENFIELD, NEW JERSEY 07621.

145.     Plaintiff(s) HILDE LEZERON is an individual(s) who resides at 38 VAN
VALKENBURGH AVE. BERGENFIELD, NEW JERSEY 07621.

146.     Plaintiff(s) SCOTT & ANAS SIMON is an individual(s) who resides at 2
OVERLOOK DRIVE,  RIVERDALE, NEW JERSEY 07451.

147.     Plaintiff(s) ADISHA ZIBA & BLERTA ZIBA BAITI is an individual(s) who
resides at 5483 BERSHIRE VALLEY ROAD, JEFFERSON, NEW JERSEY 07438.

148.     Plaintiff(s) SPLENDIN & ADISHA ZIBA is an individual(s) who resides at 111
VINCENT DRIVE, WAYNE, NEW JERSEY 07470.

149.     Plaintiff(s) JAIMEENKU PATEL is an individual(s) who resides at 499
LIBERTY AVENUE, JERSEY CITY, NEW JERSEY 07307.

150.     Plaintiff(s) RUEL & MARLENE ISIP is an individual(s) who resides at 40
FAIRVIEW AVENUE, BOGOTA, NEW JERSEY 07603.

151.     Plaintiff(s) NILO AND PATRIA LOU ATIENZA  is an individual(s) who resides
at 8 PAULSON COURT, JERSEY CITY, NEW JERSEY 07305.