NOT FOR PUBLICATION

| | |
|---|---|
| **VICTOR AND NILDA ALMAZAN, et al.,** | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY** |
| **Plaintiffs,** | |
| v. | **Hon. Dennis M. Cavanaugh** **Civil Action No.: 10-cv-01336 (DMC-JAD)** |
| **1ˢᵗ 2ⁿᵈ MORTGAGE COMPANY OF NJ, INC., et al.,** | |
| **Defendants.** | **REPORT AND RECOMMENDATION** |

DICKSON, U.S.M.J.

This matter comes before the Court upon (1) Motions by Defendants The CIT Group/Consumer Finance, Inc. ("CIT"); Chase Bank U.S.A., N.A.; JPMorgan Chase Bank, N.A., for itself and as acquirer of certain assets of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver, and as successor by merger to Chase Home Finance LLC; First Horizon Home Loan Corp. *n/k/a* First Tennessee Bank National Association; and GFI Mortgage ("the Chase Defendants") to Dismiss Plaintiffs' Amended Complaint[1] and (2) Motion by Plaintiffs to Stay All Pending State Actions brought by Defendants against Plaintiffs and impose monetary sanctions and attorneys' fees against Defendants. For the reasons stated below, this Court respectfully recommends that the District Court grant Defendants' motions and deny Plaintiffs' Motion to Stay.[2]

---

[1] Several Other Defendants also moved for dismissal and their motions have been resolved by Plaintiffs' agreement to dismiss the Amended Complaint without prejudice. See ECF Nos. 174, 176, and 180. Moreover, Plaintiffs agreed to dismiss two of the Defendants at oral argument. See ECF Nos. 180 and 184.

[2] Although Plaintiffs couch their Motion as a Motion to Stay, it is grounded in the abstention doctrine enunciated in *Colorado River Conservation District, et al. v. United States,* 19 S. Ct. 1236 (1976). Interestingly, the *Colorado River* abstention doctrine, if accepted by this Court, would result in the dismissal of Plaintiffs' action in favor of the pending State Court actions. In any event, the Motion to Stay should be denied as moot as a result of this Court's recommendation to grant the Defendants' Motions to Dismiss.

1.      **Procedural Background[3]**

Two hundred thirty-three Plaintiffs filed a Complaint on March 14, 2010 against one hundred thirty distinct Defendants.  The Complaint was filed as a class action Complaint and generally alleged predatory lending in connection with various mortgage transactions.  On June 29, 2010, this Court ordered Plaintiffs to provide a proposed Amended Complaint to the Defendants for their review no later than July 9, 2010.  Plaintiffs missed this deadline and ultimately filed a Motion to Amend on August 20, 2010.  Thereafter, this Court granted Defendants' Motion to Amend and ordered Plaintiffs to file their Complaint on or before September 2, 2010.  Again, disregarding the Court's Order, Plaintiffs filed an Amended Complaint on September 3, 2010.

On September 3, 2010, the same day Plaintiffs filed their Amended Complaint, several of the Defendants filed Motions to Dismiss individually and several of the Defendants joined in a Motion to Dismiss.

Plaintiffs failed to file oppositions to the Defendants' Motions to Dismiss on or before September 17, 2010, which the Court had previously set forth as the date by which Plaintiffs should file the opposition.  On September 24, 2010, Plaintiffs filed a request for an extension of time to file opposition to the Motions.  The Court granted the request and gave Plaintiffs until October 8, 2010 to file opposition.  Plaintiffs once again missed the deadline and failed to file any opposition to the Motions on October 8, 2010; rather, the Plaintiffs had earlier filed a Motion to File a Second Amended Complaint on October 4, 2010.  Thereafter, Plaintiffs filed six oppositions to the various Defendants' motions on October 18, 2010.

On October 28, 2010, Plaintiffs filed an opposition to the Motion by Defendant Atlantic Homes Loans, Inc., which sought to dismiss the Second Amended Complaint.  On November 3,

---

[3] The facts are taken from parties' moving papers.

2010, the Defendants filed replies to Plaintiffs' oppositions.  On November 5, 2010, Plaintiffs filed a sur-reply without prior permission.  The sur-reply has not been considered by the Court.

This matter was argued by the parties on May 11, 2010, at which time the Court reserved decision pending the Defendants' decisions to toll any applicable statutes of limitations for ninety (90) days in return for a voluntary dismissal of the Complaint.  Several Defendants agreed to the tolling of applicable statutes of limitations and the Amended Complaint shall be dismissed without prejudice to those Defendants and any statute of limitations shall be tolled for ninety (90) days pursuant to this Court's letter Order of May 12, 2011. (5/12/11 Order, ECF No. 173)

This Report and Recommendation addresses those Defendants who did <u>not</u> agree to a tolling of the statutes.

2.      **Discussion**

A.      **Defendants Motions to Dismiss**

Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6).  In deciding a motion under Rule 12(b)(6), the court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. Of Allegheny,* 515 F. 3rd 224, 228 (3d Cir. 2008).  "[a] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Recently, the Supreme Court has refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2).[4]   Citing its recent opinion in *Bell Atl. Corp. v. Twombly,* 550

U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do,'" *Iqbal,* 129 S. Ct. at 1949

(quoting *Twombly,* 550 U.S. at 555), the Supreme Court identified two working principles

underlying the failure to state a claim standard.

> First, the tenet that a court must accept as true all of the allegations contained in a
> complaint is inapplicable to legal conclusions. Threadbare recitals of the elements
> of a cause of action, supported by mere conclusory statements, do not suffice ....
> Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing
> more than conclusions. Second, only a complaint that states a plausible claim for
> relief survives a motion to dismiss. Determining whether a complaint states a
> plausible claim for relief will ... be a context-specific task that requires the
> reviewing court to draw on its judicial experience and common sense. But where
> the well-pleaded facts do not permit the court to infer more than the mere
> possibility of misconduct, the complaint has alleged--but it has not "show[n]"--
> "that the pleader is entitled to relief." *Fed. Rule Civ. Proc.* 8(a)(2).

*Iqbal,* 129 S. Ct. at 1949-1950 (citations omitted).  The Court further explained that:

> a court considering a motion to dismiss can choose to begin by identifying
> pleadings that, because they are no more than conclusions, are not entitled to the
> assumption of truth. While legal conclusions can provide the framework of a
> complaint, they must be supported by factual allegations. When there are well-
> pleaded factual allegations, a court should assume their veracity and then
> determine whether they plausible give rise to an entitlement to relief.

*Id.* at 1950.

   Thus, to prevent a dismissal, a civil complaint must allege "sufficient factual matter" to

show that the claim is facially plausible. *Id.* at 1949.  This then "allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The Supreme

Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of its

complaint are plausible. *See id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3; *Fowler*

*v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009).

---

[4] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."
Fed. R. Civ. P. 8(d).

Consequently, the Third Circuit observed that *Iqbal* provides the "final nail-in-the-coffin" for the "no set of facts" standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957),[5] that applied to federal complaints before *Twombly. See Fowler,* 578 F.3d at 210.  Now, after *Iqbal,* the Third Circuit requires that a district court must conduct the two-part analysis set forth in *Iqbal* when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal,* 129 S. Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [*Id.*] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See* [*Phillips v. County of Allegheny,* 515 F.3d 224, 234-35 (3d Cir. 2008)]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Iqbal,* [129 S. Ct. at 1949-50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler,* 578 F.3d at 210-11.

The Defendants argue that Plaintiffs' claims "are premised on presumptions and speculation rather than actual facts linking any Plaintiff to any Defendant which is insufficient under *Twombly.*"  (Joint Mtn. to Dismiss 8, ECF No. 117-1)  The Defendants also assert that Plaintiffs fail to satisfy the requirements of Fed. R. Civ. P. 10(b) because they do not inform Defendants of their individual alleged wrongdoing.  Additionally, Defendants assert that the fraud based claims should be dismissed for failure to plead fraud with particularity as required by Rule 9(b).

---

[5] In *Conley,* as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46.  Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

Plaintiffs respond that they have satisfied the liberal pleading requirements required by the Federal Rules of Civil Procedure.   A review by this Court of Plaintiffs' opposition to Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) finds very little effort to explain why the Amended Complaint satisfies the requirements set forth in *Iqbal* and *Twombly*.

Plaintiffs argue that the following paragraphs in Plaintiffs' Amended Complaint satisfy Federal pleading standards:

214. Defendants enrolled Plaintiffs into a 80-20 Program whereby Defendants allowed Plaintiffs to obtain 100% financing on their properties without requesting any down payment by Plaintiffs.

215. Defendants enrolled Plaintiffs into a 80-10 Program whereby Defendants allowed Plaintiffs to obtain 90% financing on their properties and requesting little or no down payment by Plaintiffs.

217. Defendants allowed Plaintiffs to obtain lending even though a review of Plaintiffs' history would show that Plaintiffs were high-risk borrowers.

220. Defendants allowed Plaintiffs to enroll in a FHA/Government Program.

222. Defendants allowed Plaintiffs to obtain lending after Defendants failed to verify Plaintiffs' stated income.

238. Plaintiffs were unaware of the false information provided by Defendants when their applications were submitted.

243. Defendants knew or should have known that Plaintiffs lacked any capacity to enter into these mortgage loan contracts and/or did not understand the essential terms of the documents that they were executing.

Plaintiffs assert that "[t]hese paragraphs plead *facts,* not claims for relief: they allege the different types of loans Defendants induced Plaintiffs to enter into; they allege that Defendants had knowledge that Plaintiffs would not be able to afford the loans, but failed to otherwise advise them."   (Pl. Br. 18, ECF No. 145)

This Court disagrees.   In Plaintiffs' thirty-five (35) Count Amended Complaint, consisting of 624 paragraphs, the above-quoted paragraphs do <u>not</u> adequately put <u>any</u> Defendants

on notice of <u>any</u> specific claims. The paragraphs quoted above do not inform any reader what the Defendants did wrong, to whom they did it, or when they did it. As written, the Amended Complaint is impossible to defend.

At oral argument, counsel for Plaintiffs argued that discovery would remedy any defects in the Amended Complaint, (5/14/11 Tr. at 39, ECF No. 181) but the Supreme Court specifically prohibits this practice. In *Ashcroft v. Iqbal*, the Court stated "[w]e have held, however, that the question presented by a motion to dismiss a complaint for insufficient pleading does not turn on the controls placed upon the discovery process." 129 S.Ct. at 1953. Furthermore, Plaintiffs' belated attempt to provide a chart linking the Plaintiffs to the Defendants and the properties subject to the various mortgages does not cure Plaintiffs' Amended Complaint. The information is a start, but it fails to alert the Defendants or the Court to the wrongful conduct Plaintiffs believe has occurred. The Amended Complaint is simply lacking any meaningful substance. Accordingly, this Court respectfully recommends that the Amended Complaint be dismissed without prejudice.[6]

CIT further requests that the Complaint be dismissed with prejudice under the *Younger* abstention doctrine because the claims against it are already pending in State Court.

CIT asserts, correctly, that

A federal court "must abstain" from exercising jurisdiction when '(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims.' *Lazaridis v. Wehmer*, 591 F.3d

---

[6] Plaintiffs also styled their Amended Complaint as a class action and included RICO counts (17 and 18) and a count for civil conspiracy (35). At the hearing, this Court expressed doubt, based upon its understanding of the Amended Complaint (that each Plaintiff was asserting claims against the institution with which that Plaintiff had a mortgage), that this action would survive as a class action because there appeared, on the face of the Amended Complaint, to be no commonality as required by Fed. R. Civ. P. 23. Certainly, no facts were alleged in the Amended Complaint that supported a conspiracy. Plaintiffs' counsel should seriously consider these issues before any new Complaints are filed.

666, 670 (3d Cir. 2010); *see also Younger v. Harris,* 401 U.S. 37, 43-54 (1971). (Emphasis Added)

(CIT Br. 2, ECF No. 121-1).

Accordingly, CIT argues, Plaintiffs Ely and Rosita Guy ("Guy") and Alex and Ofelia Balderama ("Balderama") should be precluded from suing CIT in this action because they have pending foreclosure actions in State Court where their claims in this action are, or could be, litigated.

As a preliminary matter, Plaintiffs posed no opposition to CIT's motion. As CIT points out, lack of opposition can lead to the granting of a motion. *See Rodriguez v. Camden,* No. 09-1909, (2010 WL 2869132 at *3 (D.N.J. July 16, 2010)  This Court nevertheless examines this issue because, based upon the record, it appears that there may be other pending state court cases.   This Court has examined Exhibits C and D to the Declaration of Robert A. Rich (Rich Decl., Exs. C & D, ECF No. 121-3), which show that Mr. Li, Plaintiffs' counsel in this action, appears to represent Guy and Balderama in separate foreclosure actions where Mr. Li has asserted affirmative defenses alleging, among other things, violations by CIT (or its successors in interest) of consumer laws, negligence, fraud, predatory lending practices, bad faith, fair debt collection act, right of rescission requirements and unconscionability.  These defenses track the claims in this action and are substantially similar, if not identical.  Accordingly, the first and third prongs of the *Younger* test have been met.  Furthermore, it cannot be denied that the State has important interests in the foreclosure of its citizens' property.

Moreover, in *Downey v. Perrault,* No. 09-1018, 2009 WL 3030051 (D.N.J. Sept. 15, 2009), the Court applied the *Younger* abstention doctrine to State mortgage foreclosure proceedings.  This Court concludes that *Younger* requires the District Court to abstain in situations where Plaintiffs in this action are litigating the same claims in prior filed State Court

8

proceedings. Accordingly, this Court respectfully recommends that CIT's motion be granted and that the Guy and Balderama claims be dismissed with prejudice.

While the issue has not been formally joined by other Defendants who may be involved in State cases, Plaintiffs are admonished to review this issue carefully before filing new Complaints. Furthermore, it appears that several of the Plaintiffs are involved in bankruptcy proceedings, most, if not all, of which were filed by those Plaintiffs before this action. Again, the record is incomplete and the issue has been inadequately briefed, but Plaintiffs' counsel is again cautioned to ensure that he has met appropriate jurisdictional requirements before filing further actions. Redundant, blunderbuss-like filings of duplicative actions is not appropriate. In that regard, the Defendants' arguments regarding Plaintiffs' counsel's failure to comply with Local Civil Rule 11.2 are well-founded. A second round of non-compliance with that Rule will result in sanctions upon filing of the appropriate motions.

Finally, the Court considers *sua sponte* the issue of the statutes of limitations and whether they should be tolled for those claims not dismissed with prejudice. The Defendants referenced in this Report and Recommendation, unlike several others in this litigation, have not agreed to toll in return for a voluntary dismissal. The issue for this Court, however, is one of judicial efficiency and economy, and fairness to all the litigants. If there is no clear rule on the tolling of the statutes for the Chase Defendants, it is likely the Court will be confronted with new motions if and when Plaintiffs get around to filing new Complaints. Moreover, the Letter Order setting forth the tolling period for the other Defendants actually protects the Defendants herein: the Court's Letter Order dated May 12, 2011 encourages Plaintiffs to re-file by a date certain, rather than at some future time, which would undoubtedly result in motion practice over the application of Rule 15(c). Moreover, the principles enumerated in *American Pipe and Construction Co. v.*

*Utah,* 414 U.S. 538, 556-560 (1974) and Fed. R. Civ. P. 15(c)(1) raise the distinct possibility that the statutes of limitations will relate back to the original filing of the Complaint if Plaintiffs actually re-file their Complaints in the near future. *See Alston v. Parker,* 363 F.3d 229, 235-36 (3d Cir. 2004).

In order to bring some consistency to the future administration of these cases, and to clarify the rights and obligations of the parties, this Court respectfully recommends that the Plaintiffs subject to this Report and Recommendation must file any new Complaints on or before August 21, 2011 in order to obtain the benefit of relating back to the original filing for purposes of the statute of limitations.  This is also to clarify that the purpose and intent of the Court's Order dated May 12, 2011 is the same, whether it is called tolling or relation back, as the recommendations contained herein.[7]

**3.     Conclusion**

For the foregoing reasons, this Court respectfully recommends that the claims against the Chase Defendants be dismissed without prejudice and that Plaintiffs shall file any new, amended Complaints on or before August 21, 2011 to obtain the benefit of the relation back provisions of Fed. R. Civ. P. 15(c).  Furthermore, this Court recommends that the claims against CIT be dismissed with prejudice.

_____
Hon. Joseph A. Dickson, U.S.M.J.


Dated: June 2, 2011

---

[7] The Recommendations contained herein and the May 12, 2011 Order shall not apply to new parties, Plaintiffs or Defendants, who are not part of this matter.  Any new parties will, of course, have all the rights and remedies afforded under applicable law.